OPINION OF THE COURT
Gabrielli, J.
The issue on this appeal is the effect of our decision in Dole v Dow Chem. Co. (30 NY2d 143) on the so-called “special benefit” rule. This rule allows a municipality, charged with the duty of maintaining its sidewalks in a reasonably safe condition, to shift liability to the abutting landowner, where the cause of plaintiff’s injuries is the failure of the landowner to reasonably maintain a sidewalk installation constructed for the special use and benefit of his property. We hold today that the “special benefit” rule is no longer available to shift entirely such liability to the landowner; rather, the liability is to be apportioned be *458 tween the municipality and the landowner, based upon their respective degrees of fault.
Plaintiff sustained injuries when she was caused to trip on a metal disk embedded in the sidewalk. The disk, raised about one inch above the sidewalk, covered the housing for a shut-off valve in the service pipe which brought water to the abutting premises from the water main running under the street. The curb valve was installed by a former owner of the abutting premises, presumably for the benefit of his property.
Plaintiff brought suit against the City of New York (City), alleging that it had breached its duty to maintain the public sidewalk on which she fell in a reasonably safe condition, by suffering a dangerous and defective condition to exist, of which it had knowledge and notice. Prior to trial, plaintiff entered into a settlement agreement with the abutting landowner, by which plaintiff settled all “past, present and future claims” against the landowner in return for the sum of $22,500.
Following service of the complaint against the City, the City served a third-party summons and complaint upon the landowner, Harriet S. Hopp. This complaint sought recovery over against Hopp for any amount that might be recovered by the plaintiff against the City, on the ground that it was Hopp’s negligent maintenance of the water box, installed for the special use and benefit of Hopp’s premises, that caused plaintiff’s injuries.
The testimony at trial indicated that plaintiff tripped over the raised water disk, which she could not see, as she was attempting to avoid cracks in the sidewalk a short distance ahead. The sidewalk immediately surrounding the condition was described as cracked and sloping downward toward the disk. Expert testimony was adduced to the effect that the one-inch elevation of the metal disk was improper, and that curb valves should be maintained flush with the surrounding sidewalk. Plaintiff testified that, about one year before her accident, she had seen a woman fall in the same area, and that a policeman and ambulance arrived at the scene to assist the injured woman, who stated that she had tripped over the water cap.
*459 The case was submitted to the jury in two stages. With respect to the liability determination, the jury found that both the City and Hopp were negligent in allowing the sidewalk condition to go unrepaired, resulting in plaintiff’s injuries. The issues of the amount of plaintiff’s damages and of the relative fault of the City were then submitted to the jury. Plaintiff was awarded $100,000 in damages; the City was found 65% responsible. The City’s motion for judgment over against Hopp was denied without comment by the court. Judgment was entered for plaintiff against the City in the amount of $65,000 (reduced by the proportionate amount of Hopp’s fault, by reason of plaintiff’s having settled her claim against Hopp [see General Obligations Law, § 15-108]).
The City appealed to Appellate Term, which modified the judgment by awarding the City full indemnification on its third-party complaint against Hopp, based on the so-called “special benefit” rule. Under this rule, the municipality that has been cast in damages for its failure to maintain the sidewalk in a reasonable condition may, notwithstanding its own negligence, obtain judgment over against the property owner for whose benefit a sidewalk appurtenance was installed, where it is the defective condition of the appurtenance that caused the injury.
An appeal by Hopp resulted in an affirmance by the Appellate Division, on the reasoning of Appellate Term. The Appellate Division granted plaintiff and Hopp leave to appeal to this court. We now reverse.
A threshold issue concerns whether an appeal properly lies from the order of the Appellate Division by the plaintiff. The Appellate Division order, affirming the order of Appellate Term, resolves issues of liability only as between the municipality and the abutting landowner. It has no,direct effect on the right of plaintiff to recover full judgment. Plaintiff is not an “aggrieved party” within the meaning of CPLR 5511 by reason of the resolution of the respective liability of the third-party plaintiff and defendant. Rather, plaintiff’s rights are affected solely by virtue of a settlement agreement between her and the third-party defendant, the validity and interpretation of which have *460 not been determined in this litigation. The appeal of the plaintiff, therefore, should be dismissed.
Turning to the merits of the appeal, we are asked to determine the effect of the rule announced in Dole v Dow Chem. Co. (30 NY2d 143, supra), allowing joint, actively negligent tort-feasors to seek contribution among themselves in proportion to their respective degrees of fault, upon the “special benefit” rule, which allows a municipality to shift liability for damages to one harmed by a defective condition in the sidewalk to the owner of the abutting premises, under some circumstances.
It was once the rule in this State that contribution among joint tort-feasors could not be had. The reason for this common-law, rule barring apportionment was the belief that the courts should not participate in adjusting the relative rights of wrongdoers (Dole v Dow Chem. Co., 30 NY2d 143, 147, supra). This rule was abrogated partially in 1928, with the addition of section 211-a to the Civil Practice Act. Under that statute, if judgment were recovered by a plaintiff against more than one joint tort-feasor, one tort-feasor who had been required to pay more than his pro rata share to the plaintiff could recover the excess from the other adjudicated tort-feasors. The paying tort-feasor was expressly given the right to proceed against the others in a separate action. The statute left the decision of which defendants could be adjudicated joint tort-feasors- entirely in the hands of the plaintiff, however, and a named defendant could not bring others into the suit on the basis of his belief that they should contribute to any judgment awarded to plaintiff (Fox v Western N. Y. Motor Lines, 257 NY 305).
Notwithstanding the rigid rules regarding contribution rights among joint tort-feasors, a common-law right of indemnification existed, allowing one who was compelled to pay for the wrong of another to recover from the wrongdoer the damages paid to the injured party (Westchester Light. Co. v Westchester County Small Estates Corp., 278 NY 175; Oceanic Steam Nav. Co. v Compania Transatlantica Espanola, 134 NY 461). Thus, for example, where the master had been held liable for the tort of his servant, on a *461 theory of respondeat superior, but the master was himself free from wrong, the master was entitled to indemnification from his servant (Opper v Tripp Lake Estates, 274 App Div 422, affd 300 NY 572). In the classic indemnification case, the one entitled to indemnity from another had committed no wrong, but by virtue of some relationship with the tort-feasor or obligation imposed by law, was nevertheless held liable to the injured party.
Over the years, the doctrine of “implied indemnification” was extended in response to the potentially harsh results of the inflexible rules barring contribution among joint tortfeasors. Thus, one who was cast in damages for negligence could, if his negligence were merely “passive”, nevertheless shift his liability to the tort-feasor whose negligence was considered “active”. The “actively negligent tort-feasor is considered the primary or principal wrongdoer and is held responsible for his negligent act not only to the person directly injured thereby, but also to any other person indirectly harmed by being cast in damages by operation of law for the wrongful act” (McFall v Compagnie Maritime Belge [Lloyd Royal] S.A., 304 NY 314, 328; see, also, Tipaldi v Riverside Mem. Chapel, 298 NY 686, affg 273 App Div 414). One who was himself actively negligent could not, of course, receive the benefit of this doctrine; it was available only to shift full liability from the secondary to the primary wrongdoer, and its availability depended upon the level of culpability of the one seeking indemnity (Bush Term. Bldgs. v Luckenbach S. S. Co., 9 NY2d 426; Jackson v Associated Dry Goods Corp., 13 NY2d 112). The inquiry became primarily a question of the degree of fault, or the “factual disparity between the delinquency” of the several tort-feasors (McFall v Compagnie Maritime Belge [Lloyd Royal] S.A., 304 NY 314, 330, supra). Such efforts to ameliorate the effects of the bar to contribution were far from complete, however, since the “active-passive” terminology was not easily applied. Moreover, the result of its application was complete, not ratable, recovery by the less negligent tort-feasor against the one guilty of “active” negligence.
Against this background, Dole v Dow Chem. Co. (supra), was decided, drastically changing the law of this State *462 regarding the apportionment rights of joint tort-feasors. Dole rejected the unpredictable result of attempting to shift entire liability based upon the theory of whose negligence was the greater, and adopted the more realistic approach of holding joint tort-feasors liable according to their respective degrees of fault. To this end, the named defendant could either bring in another tort-feasor by impleading him into the plaintiff’s main action, or seek contribution by way of a separate action against one believed to also be at fault.
In later cases, we clarified the scope of our holding in Dole. In Rogers v Dorchester Assoc. (32 NY2d 553), we explained that the rule of apportionment enunciated in Dole did not abrogate basic principles of “common-law indemnification between vicariously liable tort-feasors and tort-feasors guilty of the acts or omissions causing the harm. In short, the apportionment rule applies to those who in fact share responsibility for causing the accident or harm, and does not extend further to those who are only vicariously liable, as the employer of a negligent employee, the owner of a motor vehicle operated by a negligent driver, or * * * the owner of a building who contracts with an independent contractor exclusively responsible for maintenance of the building or parts of it” (id., at pp 565-566). Thus, where one is held liable solely on account of the negligence of another, indemnification, not contribution, principles apply to shift the entire liability to the one who was negligent (see, also, Logan v Esterly, 34 NY2d 648).
The issue in the present case is the effect oí Dole and subsequent developments on the “special benefit” rule. The . municipality owes a duty to keep the public sidewalks in a reasonably safe condition. A failure to repair a defective condition, of which it has notice, either actual or constructive, will cast the municipality in liability for damages to a person injured thereby. Where the cause of the injury is the defective condition of a sidewalk appurtenance installed for the special use or benefit of the owner of the abutting premises, however, the rule has developed that the municipality may receive indemnity from the landowner (Trustees of Vil. of Canandaigua v Foster, 156 NY 354; Schrold v City of New York, 273 App Div 872, affd 298 NY 738; Ohrt *463 v City of Buffalo, 281 App Div 344). The precise question posed, then, is whether this “special benefit” rule was a recognition of a common-law right to indemnification, in that the municipality is entitled to recovery because it has been cast in liability solely for the landowner’s negligence, or whether the rule is but one application of the doctrine permitting the secondary wrongdoer, notwithstanding his own negligence, to shift his liability to a wrongdoer guilty of a greater degree of negligence. An examination of the approach taken in cases involving the special benefit rule persuades us that the nature of this claim falls within the latter category (see, e.g., Lobello v City of New York, 268 App Div 880, affd 294 NY 816; Olivia v Gouze, 285 App Div 762, affd 1 NY2d 811; Kaplan v City of New York, 269 App Div 856; Johnsen v Gallagher, 28 AD2d 560, affd 21 NY2d 981).
When a sidewalk appurtenance negligently falls into disrepair, both the municipality and the landowner have breached their respective duties to members of the public,* and both may be made to respond in damages to those injured by the defective condition. If the municipality pays the damages, it is not being compelled to pay for the wrong of another; it is simply being held liable for its own failure to exercise reasonable care. The landowner’s obligation to maintain the sidewalk appurtenance runs, not to the municipality, but to the pedestrians who might be harmed by his negligence. The landowner has not undertaken any obligation to repair for . the benefit of the municipality (cf. Rogers v Dorchester Assoc., 32 NY2d 553, supra). Thus, we conclude that the shifting of the municipality’s liability to the landowner was not the classic form of indemnity; rather, it was a recognition that the municipality’s culpa *464 bility was only secondary where the precise instrumentality causing the injury was installed for the landowner’s special benefit.
Since Dole has eliminated the necessity for continuing-such distinctions, we conclude that the special benefit rule is not applicable to impose an obligation of indemnification on the landowner; liability is to be apportioned on the basis of the respective violations of duty owed by the alleged joint tort-feasors to the plaintiff. The primary inquiry in any such case should be the extent to which each of the negligent parties has contributed to the defective condition. In a particular case, of course, the inquiry may result in a finding that only one of the parties was responsible for the defect; in that event, full liability should be incurred by that party alone (cf. Dole v Dow Chem. Co., 30 NY2d 143, 153, supra).
Inasmuch as the City has failed to present a basis on which the jury’s determination of its respective degree of fault should be overturned, the order of the Appellate Division should be reversed, with costs, and the judgment of Civil Court should be reinstated. As to the plaintiff, appeal should be dismissed.

 We note that the dissent (at pp 470-471) chooses to give no effect to the evidence adduced at trial that plaintiff was attempting to avoid cracks in the sidewalk a few feet ahead of her (a condition for which the City is concededly responsible) or to evidence regarding the City’s actual notice of the defect in the sidewalk appurtenance. This evidence regarding the City’s breach of its duty of care was properly before the jury, and while it was not made the basis of a specific theory of recovery, neither was the defect in the sidewalk appurtenance made a specific theory of recovery. Rather, the jury was instructed in very general terms, that on the evidence before it, it was to determine whether the City and/or the landowner breached their respective duties of care. The court did not marshal the evidence on this issue, nor did it refer specifically to any part of it.