## First Department, August, 1982

### (August 5, 1982)

■ REBA STRONG, Respondent, v HENRA REALTY CORP., Appellant and Third-Party Plaintiff-Appellant. ELEVATOR ENGINEERING CO., INC., Third-Party Defendant-Respondent. — Judgment, Supreme Court, Bronx County (Burchell, J.), entered on June 2, 1981, after a jury trial, in favor of third-party defendant Elevator Engineering Co., Inc., reversed, on the law and the facts, the judgment vacated, and the matter remanded for a new trial, with costs and disbursements to abide the event. This case involves an action instituted by plaintiff Reba Strong against defendant-appellant Henra Realty Corp. for damages for injuries sustained by her when an elevator in which she was riding suddenly fell to the basement. Henra Realty, the owner of the building where the elevator was located, in turn brought a third-party suit against defendant-respondent Elevator Engineering Co., Inc., with whom it had a partial maintenance contract. The matter proceeded to trial during the course of which the plaintiff reached a settlement with Henra Realty for the sum of $16,500, with no concession by the latter as to the issue of liability. The trial then continued on Henra's third-party complaint against Elevator Engineering. After summations were concluded, the court, over the objections of both parties, charged the jury on indemnification alone. Thereafter, the six-member jury unanimously found in favor of Elevator Engineering. On appeal, Henra Realty, citing *Dole v Dow Chem. Co.* (30 NY2d 143), contends that the trial court's refusal to submit apportionment in addition to indemnity to the jury's consideration constitutes reversible error. The fact that the court declined to charge apportionment was based largely on *Rogers v Dorchester Assoc.* (32 NY2d 553), wherein the Court of Appeals held that no apportionment was indicated between the owner and manager, on the one hand, and Otis Elevator Company (Otis), on the other. However, in that case, the court expressly reasserted the validity of *Dole v Dow Chem. Co. (supra).* According to *Dow,* "where a third party is found to have been responsible for a part, but not all, of the negligence for which a defendant is cast in damages, the responsibility for that part is recoverable by the prime defendant against the third party. To reach that end there must necessarily be an apportionment of responsibility in negligence between those parties." (At pp 148-149.) The court in *Rogers v Dorchester Assoc. (supra),* concluded that since there was no evidence that the owner and manager of the building had actual notice of the defect and, consequently, no failure on their part to inform the elevator maintenance company, the actual negligence, if any, must have been attributable solely to acts or omissions by Otis. Thus, the court in *Rogers* decided that the facts before it in that particular situation were such as to preclude apportionment. Recently, the Court of Appeals, in *D'Ambrosio v City of New York* (55 NY2d 454), reaffirmed the rule that holds joint tort-feasors liable pursuant to their

---

* Not published with other decisions of February 18, 1982, 86 AD2d 918. [Rep.

respective degrees of fault. In that case, where the two defendants were the City of New York and an abutting landowner, the court stated that "[a] failure to repair a defective condition, of which it has notice, either actual or constructive, will cast the municipality in liability for damages to a person injured thereby" (at p 462). As the court explained in *D'Ambrosio,* if only one of the parties in a specific matter is determined to be responsible for the negligence, then that party should incur full liability, which is what the court did, in fact, hold in *Rogers v Dorchester Assoc. (supra).* In the instant case, there was evidence that the owner, Henra Realty Corp., had actual notice that the elevator was not functioning properly, and Elevator Engineering alleges that it was not informed of this situation. There was also proof introduced at trial that if the elevator had been adequately serviced and maintained, there would have been no malfunction and the descent would have been a slow one. Therefore, the jury could reasonably have concluded that each party was chargeable with a portion of the negligence. The Judge's instructions, however, improperly precluded the jury from assessing responsibility in relation to the degree it deemed each party accountable. Under these circumstances, a new trial is warranted. Concur — Carro, J. P., Bloom and Milonas, JJ.

Markewich and Lupiano, JJ., dissent in a memorandum by Lupiano, J., as follows: During the trial, a settlement of plaintiff's action against the landlord, defendant and third-party plaintiff Henra Realty Corp. was reached without any concession of liability on the part of Henra or the third-party defendant Elevator Engineering Co., Inc. In no way did this settlement, with its resulting stipulation, mandate that the trial court submit both the issue of apportionment and indemnification to the jury at the end of the trial of the third-party action. All it did, in this respect, was to allow the third-party action to proceed with both parties reserving to themselves whatever rights they had under the law. If the evidence adduced at the trial demonstrated that an apportionment was called for, then the trial court was required to submit apportionment to the jury. However, the evidence did not call for such a charge. The accident occurred on January 6, 1974. Only two days before, on January 4, 1974, the third-party defendant Elevator, according to its records, made a special call to the premises in connection with the agreement between the landlord and Elevator under which Elevator undertook to maintain the elevator. The record on appeal does not disclose circumstances under which the landlord, in receiving prior notice that the elevator was improperly functioning, negligently failed to so notify the third-party defendant elevator maintenance company. The trial court correctly charged indemnification only, and did not submit any issue as to apportionment of liability, i.e., the two possible verdicts were one for the third-party defendant *or* one for the third-party plaintiff. There is no evidence on this record that Henra was *in pari delicto* with Elevator, nor could the jury come to such conclusion. There was no showing that two elements concurred to cause the tort, to wit, negligent repair by Elevator and negligence on the part of the landlord Henra. Consequently, either Elevator Engineering Co., Inc., was not negligent, in which event the jury would find in Elevator's favor, or Elevator Engineering was negligent and Henra would be entitled to indemnification, in which event the jury would find in Henra's favor. Further, a new trial is not warranted. The evidence clearly indicates that apportionment is not applicable and that the verdict was not based on totally unsupported guesses, speculation or surmise. The experts testified that although it could have been a selector failure which caused the elevator to fail to stop at a designated floor, under no circumstances would the elevator have fallen at a very fast rate due to such failure. Other possible causes of the occurrence were testified to by both experts which did not result

from negligence on the part of Elevator. The jury was entitled to come to the conclusion that it did. Accordingly, the judgment of the Supreme Court, Bronx County, entered on June 2, 1981 in favor of the third-party defendant, should be affirmed.