■ POINT BLANK BODY ARMOR, INC., Individually and on Behalf of All Others Similarly Situated, Appellant, v NORTHERN EXPOSITIONS, INC., Respondent. — In an action commenced on behalf of plaintiff and a certain class of persons to recover moneys paid to defendant, plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Kutner, J.), dated March 31, 1983, as denied that portion of its motion which sought an order (1) directing defendant to answer interrogatories, (2) certifying the action as a class action, (3) requiring defendant to send notice to the class, and (4) awarding summary judgment on behalf of plaintiff and the class. Appeal dismissed, without costs or disbursements. Plaintiff Point Blank Body Armor, Inc., instituted this suit as a class action to recover on behalf of itself and those similarly situated certain deposits paid to defendant Northern Expositions. Plaintiff alleged that defendant had arranged for an exposition called "The New England Security Management & Loss Prevention Exposition & Conference for Business and Industry", originally scheduled for April 6, 7 and 8, 1982. Plaintiff rented a booth in the exposition for $795. The exhibition was rescheduled to May 4, 5 and 6, 1982 and then canceled by Northern. Defendant's letter of April 19, 1982 informed that it could not refund any money immediately but "it is our intentions [*sic*] to do so over the next six months". Plaintiff never received a refund and was of the opinion that no one else had either. Defendant's answer denied the material allegations of the complaint. Plaintiff then served an amended complaint to broaden the class to include

those who may have prepaid for seminar attendance. This time, defendant failed to answer. Simultaneously with the service of its amended complaint, plaintiff propounded interrogatories seeking, *inter alia,* the names and addresses of the class members along with the respective amounts paid to defendant by them. No response was received. Plaintiff then moved for an order (a) directing entry of a default judgment pursuant to CPLR 3215 based on defendant's failure to answer its amended complaint, (b) directing defendant to answer the interrogatories, (c) pursuant to CPLR 902, allowing the action to be maintained on behalf of the class, (d) pursuant to CPLR 904, requiring defendant to notify the potential class members, and (e) granting summary judgment or partial summary judgment to the plaintiff and the class on the issue of liability. The Supreme Court, Nassau County, granted plaintiff's motion only to the extent that the clerk of the court was directed to enter judgment for plaintiff in the amount of $795 based upon defendant's default in answering the amended complaint. We dismiss the appeal. Plaintiff's motion for a default judgment was granted to the extent that it was awarded judgment for the full amount it paid to defendant. Thus plaintiff's only complaint is that it cannot pursue its suit to vindicate the rights of others. However this does not meet the statutory definition of the term "aggrieved" under CPLR 5511, since the portion of the order from which plaintiff has appealed has no effect on its right to recover a full judgment (*D'Ambrosio v City of New York,* 55 NY2d 454). Thompson, J. P., O'Connor, Weinstein and Niehoff, JJ., concur.