■ Mount Vernon Fire Insurance Company, Plaintiff, v Trans World Maintenance Service, Inc., Defendant and Third-Party Plaintiff-Respondent. Accident Prevention Brokerage Corp., Third-Party Defendant-Appellant.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered on November 3, 1989, which, after a jury trial, granted the motion by defendant and third-party plaintiff Trans World Maintenance Service, Inc. (Trans World) pursuant to CPLR 4401 for a directed verdict in favor of Trans World as to liability with respect to the impleader action, and which directed a new trial pursuant to CPLR 4404 on the issue of damages, unanimously affirmed.

Order of the same court and Justice, entered on April 30, 1990, which, upon reargument, recalled that part of the prior decision so as to reserve the issue of the amount of Trans World's counsel fees and expenses, unanimously affirmed. Respondent shall recover of appellant one bill of costs of the aforesaid appeals.

Trans World, a corporation which provides janitorial services to commercial buildings in the New York metropolitan area, obtained liability insurance coverage from plaintiff Mount Vernon Fire Insurance Company (Mount Vernon) through third-party defendant Accident Prevention Brokerage Corp. (APB), an insurance broker, for the period September 7, 1985 through September 7, 1986. When Trans World canceled the policy, effective March 1, 1986, Mount Vernon commenced the main action against Trans World seeking $853,000 in insurance premiums. The claim was settled by a stipulation and order providing for the payment by Trans World to Mount Vernon of $210,000.

Trans World then commenced an impleader action against third-party defendant APB, alleging that APB's misrepresentations or negligence resulted in substantial excess premiums.

After trial, the jury found that the APB was negligent, but that its negligence was not the proximate cause of Trans World's damages.

Trans World then moved to set aside the verdict and for judgment in its favor as a matter of law, or, in the alternative, for a new trial, on the grounds, *inter alia,* that the verdict was contrary to the weight of the credible evidence, and that the charge to the jurors was prejudicial, misleading and confusing. On the motion, the trial court held that no rational basis existed for the jury's verdict on proximate cause and that APB's actions were, as a matter of law, the proximate cause of Trans World's injuries, and directed a new trial solely on the issue of damages.

We agree that the charge and the verdict sheet were, on their face, unclear and confusing with respect to the distinction between proximate cause and damages *(Howard v Poseidon Pools,* 72 NY2d 972).

Similarly, on Trans World's posttrial motion, the trial court properly determined that Trans World sustained its burden of proof with respect to the two prongs of the *Codling* test, governing an action for indemnification arising out of a payment of a settlement by one party to another, by establishing that Trans World was, in fact, liable to Mount Vernon in the main action and that Trans World's payment of $210,000 to settle a liability of $853,000 was, in fact, reasonable *(Codling v Paglia,* 38 AD2d 154, *affd in part and revd in part* 32 NY2d 330).* Concur—Sullivan, J. P., Rosenberger, Ellerin, Ross and Smith, JJ.