■ MIDLAND INSURANCE COMPANY, Appellant, v JANE G. LEWIS et al., as Executors of SOL GOLDMAN, Deceased, and Doing Business as EMPIRE ASSOCIATES REALTY, et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Eugene Nardelli, J.), entered July 9, 1990, which, *inter alia,* declared that plaintiff is obligated to indemnify the Goldman defendants pursuant to a policy of excess insurance, unanimously affirmed, with costs.

The action seeks a declaration that plaintiff is not obligated to defendants under the terms of a primary policy of insurance, with a liability limit of $1 million, because of defendants' failure to comply with notice requirements of the policy. The jury returned a verdict in favor of plaintiff, but defendants prevailed on a posttrial motion for a declaration that they had complied with the distinct and less stringent notice requirements of an excess policy also issued by plaintiff. This issue was not raised in plaintiff's complaint.

We affirm coverage under the excess policy on the ground that plaintiff does not demonstrate, or even allege, that notice pursuant to the excess insurance policy was somehow deficient. There being no basis for a valid disclaimer, any claim that plaintiff was not yet obligated to disclaim is irrelevant. To the extent the order and judgment appealed from limited plaintiff's liability to the extent permissible by the Insurance Law *(see,* Insurance Law § 7603 [a] [2]), the claim that plaintiff's successor-in-interest may not be liable in an amount to exceed $1 million is, as conceded, premature and need not be

reached. Similarly, as IAS did not direct plaintiff to drop down and provide primary coverage, plaintiff is not an aggrieved party and has not been adversely affected, so as to have standing to appeal on this issue pursuant to CPLR 5511 *(see, Goodman v Goodman,* 150 AD2d 636). Concur—Murphy, P. J., Carro, Rosenberger, Ross and Rubin, JJ.