■ CATHERINE SHIEBLER, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [617 NYS2d 497] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Amman, J.), dated July 2, 1992, which, upon granting the defendant's motion to dismiss the complaint at the close of all the evidence for failure to establish a prima facie case, is in favor of the defendant, dismissing the complaint.

Ordered that the judgment is reversed, on the law, the motion is denied, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

The plaintiff was injured on April 4, 1984, when she fell on the sidewalk in front of 2182 Clove Road in Staten Island. Testimony adduced by the plaintiff, including that from a nonparty eyewitness, indicated that the accident occurred at a point where the cement portion of the sidewalk ended and a

dirt portion of the sidewalk commenced. At that point, the sidewalk "dipped down", causing the plaintiff to fall. The plaintiff also produced evidence that the defendant City of New York had actual notice of this condition. Specifically, on April 27, 1971, the Department of Highways of the City of New York sent a "Notice to Repair Sidewalk" to the owner of 2182 Clove Road indicating that a violation existed and directing the owner to "install sidewalk where necessary". Again on August 2, 1978, the Department of Highways reinspected the sidewalk in front of 2182 Clove Road and again noted "Install sidewalk where necessary". This notice also included a "Field Card" which noted that the concrete portion of the sidewalk abutted the dirt portion of the sidewalk.

Contrary to the holding of the Supreme Court, these notices established that the defendant City of New York had actual notice of the condition complained of *(Schuster v Town of Hempstead,* 130 AD2d 481). Since the plaintiff made out a prima facie case that a defect existed which the City had failed to repair, the action should not have been dismissed at the close of the plaintiff's case *(see, D'Ambrosio v City of New York,* 55 NY2d 454; *Mesecher v Town of Huntington,* 104 AD2d 592). Thompson, J. P., Sullivan, Friedmann and Krausman, JJ., concur.