■ THOMAS M. BOYLE, Appellant, v CITY OF NEW YORK et al., Defendants, and HARRY MACKLOWE et al., Respondents. [655 NYS2d 23] —Appeals by plaintiff from the order of the Supreme Court, New York County (Louis York, J.), entered on or about February 13, 1996, which in an action for personal injuries allegedly caused by a defective sidewalk, granted, on default, defendant landlords' motion for summary judgment on their cause of action against defendant tenants to compel them to defend and indemnify the landlords herein, and from the order of the same court and Justice, entered May 20, 1996, which denied the tenants' motion, joined in by plaintiff, to vacate their default, unanimously dismissed, without costs.

Plaintiff is not an aggrieved party with standing to appeal the instant orders, which have no direct effect on his right to recover a full judgment (*see, D'Ambrosio v City of New York*, 55 NY2d 454, 459-460). Contrary to plaintiff's contention, the motion court did not make any "judicial determination, prior to trial, of lack of liability on the part of the [landlord]

defendants". Rather, the court merely found that the tenant defendants had breached their contractual duty to procure and maintain an insurance policy naming the landlord defendants as additional insureds, which is distinct from common-law and contractual indemnity (*see, Kinney v Lisk Co.*, 76 NY2d 215, 218; *Spencer v B.A. Painting Co.*, 224 AD2d 307). Plaintiff will be able to recover from the landlord defendants such damages as plaintiff can prove at trial were due to their fault. This is a plainly meritless appeal and should never have been brought. Concur—Sullivan, J. P., Rosenberger, Rubin and Andrias, JJ.