**DURABLA MANUFACTURING COMPANY, Plaintiff,**

v.

**GOODYEAR TIRE AND RUBBER COMPANY and Goodyear Canada, Inc. a/k/a Goodyear Tire & Rubber Company of Canada, Limited, Defendants.**

No. 97 Civ. 6160 (JSR).

United States District Court,
S.D. New York.

Feb. 3, 1998.

William F. Mueller, Clemente, Dickson & Mueller, New York City, for Plaintiff.

Diane F. Bosse, Volgenau & Bosse, Buffalo, NY, Bryan R. Williams, Coritsidis & Lambros, New York City, for Defendants.

## MEMORANDUM ORDER

RAKOFF, District Judge.

Plaintiff alleges that from 1914 to 1973 it was a distributor of sheet gasket materials containing asbestos that were manufactured by defendants Goodyear and Goodyear Canada. *See* August 19, 1997 Complaint ¶ 8. Beginning in 1987, plaintiff was sued in New York by numerous claimants who alleged injuries caused by exposure to the gasket materials; according to plaintiff, defendants refused to defend, indemnify, or contribute to the defense of these claims. *See id.* ¶¶ 11–12. Many of these lawsuits were ended by plaintiff's payment of substantial settlements, *see id.* ¶ 14, and more suits may be brought against plaintiff in the future, *see id.* ¶ 56.

Despite its decision not to join defendants in those lawsuits, plaintiff now contends that defendants must reimburse plaintiff for the payments it made and costs it incurred in those lawsuits, as well as other damages, premised on no fewer than seven causes of action: (1) common law indemnification; (2) indemnification based on express and/or implied contracts; (3) indemnification based on breach of warranties of suitability; (4) indemnification based on breach of warranties of merchantability; (5) fraud; (6) fraudulent misrepresentation; and (7) declaratory relief under New York C.P.L.R. § 3017(b) establishing "a percentage share of the fault for the product" for contribution purposes. In response, defendants have timely moved for dismissal of the first through sixth causes of action, pursuant to

Federal Rule of Civil Procedure 12(c).[1] Plaintiffs oppose and move in the alternative for leave to amend the Complaint. Upon consideration of the parties' written submissions and oral arguments, the Court telephonically advised the parties on December 11, 1997 that both motions would be granted in part and denied in part. This memorandum will serve to confirm those rulings and briefly state the reasons therefor.

■■■ (1) *Indemnification Claims.* With respect to the indemnification claims (the first through fourth causes of action), the initial question presented by defendants' motion is whether plaintiff even qualifies for indemnification, given certain allegations in the Complaint seemingly denying the underlying liability to the settled claimants. In an indemnification action premised on the indemnitee's payment of a settlement, New York law[2] requires, *inter alia*, that the indemnitee prove that it was liable to the claimant in the underlying action and that the settlement payment was reasonable. *See, e.g., Mount Vernon Fire Ins. Co. v. Trans World Maintenance Service, Inc.,* 169 A.D.2d 519, 564 N.Y.S.2d 375, 377 (1st Dep't 1991). Here, the Janus-like Complaint alleges, on the one hand, that the underlying actions were "viable claims under the laws of the State of New York," Complaint ¶ 13, and that the monies plaintiff has expended were "reasonable settlement[s]," *id.* ¶ 14, but, on the other hand, that plaintiff "has and continues to deny liability to the claimants," that it "has denied and continues to deny that the products sold by Durabla are or were in any way defective or causative of injury to claimants," that it settled because it faced "great financial risk of loss," and that "liability to the claimants is specifically denied," *see id.* ¶¶ 13, 14, 19.

While defendants argue that these latter allegations constitute a direct denial of the liability plaintiff must prove in order to be entitled to indemnification, what plaintiff is attempting to do, however inartfully, is to preserve its ability to contest the current claims still remaining against it. Read in the light most favorable to plaintiff, the allegations do not indicate that "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.1994) (citations and internal quotation marks omitted). The allegations may make plaintiff's ultimate attempt to win indemnification more difficult, but they are not irreconcilably inconsistent with the position that plaintiff, despite its protestations, bore a reasonable risk of being found liable to the claimants in the settled actions and that the settlement payments were therefore not gratuitous ones for which an indemnitor should bear no responsibility.

■■■ A second question, however, is whether plaintiff's cause of action, which purports to assert a claim for common law indemnification, is really an indemnification claim at all. Defendants argue that, instead, it is really a claim for contribution, and as such is subject to the provision of New York General Obligations Law § 15–108 that states that "a tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person." N.Y.Gen.Oblig.L. § 15–108. In deciding this issue, plaintiff's own labeling of its claim is not determinative; rather, a court must look beneath the surface of the language in the Complaint to determine the legal nature of

---

**1.** "When reviewing a Rule 12(c) motion for judgment on the pleadings, the Court applies the same standards as on a Rule 12(b)(6) motion." *R.C.M. Executive Gallery Corp. v. Rols Capital Co.,* 1997 WL 27059, at *6 (S.D.N.Y.1997). Accordingly, a motion under Rule 12(c) for judgment on the pleadings requires the court to determine "whether the complaint itself is legally sufficient." *Festa v. Local 3 Int'l Brotherhood of Elec. Workers,* 905 F.2d 35, 37 (2d Cir.1990). In making this determination, all of the factual allegations in the Complaint must be regarded as true, and all reasonable inferences must be drawn in favor of the plaintiff. *See Sheppard v.*

*Beerman,* 18 F.3d 147, 150 (2d Cir.), *cert. denied,* 513 U.S. 816, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994).

**2.** Although plaintiff vaguely suggests that there is some possibility that Pennsylvania law might apply, it does not allege that Pennsylvania law is in conflict with New York law in this area. Moreover, the Complaint itself not only alleges that plaintiff is a New York corporation but also that it has claims under the laws of New York. *See* Complaint ¶¶ 1, 55–56.

the claim. *See Glaser v. M. Fortunoff of Westbury Corp.*, 71 N.Y.2d 643, 529 N.Y.S.2d 59, 61, 524 N.E.2d 413 (1988); *Rosado v. Proctor Schwartz*, 66 N.Y.2d 21, 494 N.Y.S.2d 851, 853, 484 N.E.2d 1354 (1985).

■ The basic distinction between common law indemnification and contribution, first articulated in New York law in the seminal Court of Appeals case of *Dole v. Dow Chemical Company*, 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E.2d 288 (1972), and well-defined in numerous subsequent decisions, *see, e.g., Rogers v. Dorchester Assocs.*, 32 N.Y.2d 553, 347 N.Y.S.2d 22, 300 N.E.2d 403 (1973); *D'Ambrosio v. City of New York*, 55 N.Y.2d 454, 450 N.Y.S.2d 149, 435 N.E.2d 366 (1982), is that "a party who has itself participated to some degree in the wrongdoing cannot receive the benefit of the [common law indemnity] doctrine," but only of contribution. *Trustees of Columbia Univ. v. Mitchell/Giurgola Assocs.*, 109 A.D.2d 449, 492 N.Y.S.2d 371, 375 (1st Dep't 1985). In other words, contribution involves joint tortfeasors whereas indemnification involves vicarious liability. *See, e.g., D'Ambrosio*, 450 N.Y.S.2d at 152–53, 435 N.E.2d 366.

Maintaining that the only exposure that led to its settlement of the underlying claims was strict liability, plaintiff contends that this "passive" liability is akin to vicarious liability and therefore permits a claim for common law indemnification. But there is nothing passive about the role of a distributor of a defective or hazardous product, and "any analogy" between strict liability and "instances in which liability is fixed on another without regard to any volitional act . . . is clearly flawed." *Rosado v. Proctor & Schwartz*, 66 N.Y.2d 21, 494 N.Y.S.2d 851, 854, 484 N.E.2d 1354 (1985); *see also Chandler v. Northwest Engineering Co.*, 111 Misc.2d 433, 444 N.Y.S.2d 398, 404–05 (Sup.Ct. 1981). Accordingly, the first cause of action must be dismissed.

■ While defendants raise a similar objection to plaintiff's third and fourth causes of action, which state claims for implied indemnification based on warranties of suitability and merchantability, here the liability is truly vicarious, *i.e.* implied by operation of law, and therefore a claim for indemnification can properly be pled. *See Bellevue South Assocs. v. HRH Construction Corp.*, 78 N.Y.2d 282, 574 N.Y.S.2d 165, 579 N.E.2d 195 (1991). Put differently, whereas the strict liability of a distributor is partly the result of his own activity in purveying the offending product to the consumer, he plays no role in the manufacture of the product and in the warranties of merchantability and suitability that automatically arise from that process. While the distinction may be somewhat finespun, this Court, sitting in diversity, is bound by the holdings of *Bellevue* and, conversely, *Rosado*, that effectively make this distinction. Because defendants have not demonstrated that plaintiff will be unable to prove the elements of the implied warranty indemnity claim described in *Bellevue*, defendants' motion for judgment on the pleadings is denied with respect to plaintiff's third and fourth causes of action.

■ As for the second cause of action, defendants argue that plaintiff's claim for contractual indemnification is improper because the Complaint does not identify any express contract. However, plaintiff is not required to plead a contract claim with particularity, and may be able to prove the existence and legal force of a contract at a later stage of this case. Defendants' motion is therefore also denied with respect to plaintiff's second cause of action.

■ Finally, with respect to all the indemnification claims, defendants argue that if plaintiff paid its settlements more than six years before the commencement of the instant action, the six-year statute of limitations for indemnification, which begins running on the date of payment, bars any claim for recovery of those payments. *See* N.Y. C.P.L.R. § 213. However, plaintiff is not required to plead the dates of those settlements, and defendants admit that "[d]iscovery will be required to determine when settlements in underlying actions were effected." Memorandum in Support of Defendants' Motion for Judgment on the Pleadings at 14. Judgment on the pleadings on this

ground is therefore unwarranted.[3]

(2) *Fraud Claims.* Unlike its indemnification claims, plaintiff's fraud claims (the fifth and sixth causes of action) must be pleaded with particularity. *See* Fed.R.Civ.P. 9(b). Because these claims fail to allege any of the requisite "who, what, when, where, and why," the fifth and sixth causes of action must be dismissed. *See, e.g., Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1175 (2d Cir.1993).

(3) *Leave to Amend.* With respect to the first, fifth, and sixth causes of action that the Court has dismissed, plaintiff moves for leave to amend its Complaint. *See* Fed.R.Civ.P. 15.[4] Since plaintiff's claim for common law indemnification is actually a claim for contribution barred under New York law, any amendment of plaintiff's first cause of action would be futile. *See generally Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993). However, the Court grants plaintiff leave to replead its fifth and sixth causes of action.[5]

In sum, defendants' motion for judgment on the pleadings is granted with respect to the first, fifth, and sixth causes of action and denied with respect to the second, third, and fourth causes of action; and plaintiff's motion for leave to replead is denied with respect to the first cause of action and granted with respect to the fifth and sixth causes of action. The parties are reminded that they must appear for a final pretrial conference on March 27, 1998 at 8:30 a.m.

SO ORDERED.

---

**3.** While defendants further argue that the third and fourth causes of action are governed by the four-year statute for breach of warranty claims, they are, rather, governed by the six-year statute for indemnification claims. *See McDermott v. City of New York,* 50 N.Y.2d 211, 428 N.Y.S.2d 643, 646–47, 406 N.E.2d 460 (1980).

**4.** The Court declines to consider the deposition testimony submitted by defendants in opposition to plaintiff's motion for leave to amend the Complaint. *See* Fed.R.Civ.P. 12(c).

**5.** To the extent that plaintiff, in derogation of this Court's telephonic ruling of December 11, 1997, has already attempted to re-plead the first cause of action, that portion of the re-pleading is a nullity and plaintiff is directed to forthwith file an amended pleading excising the offending portion.