■ MARY A. LAMANNA, Respondent, v MJ CAHN WOOLEN Co., Defendant, DEACON REALTY, INC., Appellant, and VILLAGE

OF ISLAND PARK, Respondent. [671 NYS2d 523] —In an action to recover damages for personal injuries, the defendant Deacon Realty, Inc., appeals from so much of an order of the Supreme Court, Nassau County (Ain, J.), dated February 25, 1997, as, upon renewal, denied those branches of its motion which were for summary judgment dismissing the complaint insofar as asserted against it or to dismiss the complaint pursuant to CPLR 3126.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly sustained injuries when she tripped and fell in a hole in a Long Island Rail Road parking lot. The appellant, the owner of the adjoining property, moved, *inter alia*, for summary judgment dismissing the complaint insofar as asserted against it on the ground that it did not own the property on which the plaintiff fell. In opposition to the motion, the defendant Village of Island Park submitted an affidavit of its Superintendent of Public Works stating that the hole he observed after the accident allowed access to an underground tank related to the appellant's property. The court denied the motion.

After completion of discovery, the appellant renewed its motion for summary judgment dismissing the complaint insofar as asserted against it and also moved to dismiss the complaint pursuant to CPLR 3126 on the ground that the plaintiff willfully and contemptuously failed to comply with a preliminary conference order to supply the appellant with the transcript of a municipal hearing wherein the plaintiff identified the hole in which she fell. The motion was denied. We affirm.

The court properly denied that branch of the appellant's motion which was for summary judgment dismissing the complaint insofar as asserted against it because there exist triable issues of fact as to whether the hole referred to by the plaintiff is the same as that referred to by the Superintendent of Public Works and whether the hole constituted a special use benefitting the appellant (*see, D'Ambrosio v City of New York,* 55 NY2d 454; *Curtis v City of New York,* 179 AD2d 432).

Further, because the plaintiff is not in possession of the transcript at issue, despite her reasonable diligence in attempting to obtain it, the plaintiff has not exhibited a contumacious or willful disregard of the court order, justifying dismissal of the complaint pursuant to CPLR 3126 (*see, Porreco v Selway,* 225 AD2d 752; *Vatel v City of New York,* 208 AD2d 524; *Citibank v Johnson,* 206 AD2d 942; *Ahroni v City of New York,* 175 AD2d 789; *McDonald v Mid County Tr. Mix,* 174 AD2d 614). Bracken, J. P., O'Brien, Santucci and Altman, JJ., concur.