■ Randy J. Smith, Appellant, v Town of Colonie et al., Defendants and Third-Party Plaintiffs, et al., Defendants. Anjo Construction, Third-Party Defendant-Respondent. [874 NYS2d 604]—

Lahtinen, J. Appeal from an order of the Supreme Court (Egan Jr., J.), entered March 6, 2008 in Albany County, which granted third-party defendant's motion for partial summary judgment dismissing the contractual indemnification claim of defendants Town of Colonie, Town of Colonie Pure Waters Department and Town of Colonie Building Department.

Plaintiff, an employee of third-party defendant, Anjo Construction, sustained serious injuries while working on the installation of sewer and water lines on property allegedly owned by defendant Christopher Einstein in the Town of Colonie, Albany County. Anjo had contracted with Einstein to install water and sewer to the new home constructed on the property. Anjo also had a general contractual relationship (running slightly less than one year) with defendant Town of Colonie to provide water and sewer work as required by the Town, and that contract included an indemnification clause.

Plaintiff commenced this action alleging negligence and various Labor Law violations against, among others, Einstein and three Town defendants (i.e., Town of Colonie, Town of Colonie Pure Waters Department and Town of Colonie Building Department [hereinafter collectively referred to as the Town]). The Town brought a third-party action against Anjo alleging, among other things, contractual indemnification. Anjo moved for partial summary judgment seeking to dismiss the contractual indemnification cause of action, asserting that the work being performed at the time of plaintiff's injury was pursuant to the Anjo/Einstein contract and did not fall within Anjo's contract with the Town. Supreme Court granted Anjo's motion for partial summary judgment and dismissed the Town's cause of action for contractual indemnification. Plaintiff appeals.

The appeal must be dismissed. Plaintiff is not an "aggrieved party" (CPLR 5511) so as to have standing on appeal to dispute the resolution of the narrow issue—asserted in the third-party action and not affecting the validity of plaintiff's complaint—regarding contractual indemnification between the Town and Anjo (see D'Ambrosio v City of New York, 55 NY2d 454, 459-460 [1982]; Murray v City of New York, 43 AD3d 429, 430 [2007]; see also Duffy v Horton Mem. Hosp., 66 NY2d 473, 476, n 3 [1985]; Monterroza v State Univ. Constr. Fund, 56 AD3d 629, 629 [2008]; Boyle v City of New York, 237 AD2d 230, 230-231 [1997]).

Peters, J.P., Kavanagh and Stein, JJ., concur. Ordered that the appeal is dismissed, without costs.