■ ROSE ANN MEYERS, Respondent, v STEPHEN T. GREENBERG, M.D., et al., Appellants. [929 NYS2d 499]—

The Supreme Court erred in conditionally granting that branch of the plaintiff's motion which was to strike the answer of the defendant Barbara Tabor unless she provided the plaintiff with certain court-ordered discovery. While the motion was pending, Tabor and the other defendants provided the plaintiff with all of the requested records in their possession and submitted an affidavit from an employee of the defendant Stephen T. Greenberg, M.D., P.C., Tabor's alleged employer, who attested that a diligent search had been undertaken and that these were the only records in their possession. Under those circumstances, Tabor was not guilty of willful and contumacious conduct in responding to the discovery request (*see Paul N. Greenberg, D.P.M., P.C. v Montalvo*, 290 AD2d 402 [2002]; *LaManna v Cahn Woolen Co.*, 249 AD2d 451 [1998]; *Citibank [S.D.] v Johnson,*

206 AD2d 942 [1994]; *Forman v Jamesway Corp.*, 175 AD2d 514, 515 [1991]).

Moreover, at this time, the plaintiff has failed to carry her burden of demonstrating that Tabor intentionally or negligently disposed of critical evidence that compromised her ability to prosecute her claim (*see Scordo v Costco Wholesale Corp.*, 77 AD3d 725, 727 [2010]; *Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d 717, 718 [2009]).

Accordingly, the Supreme Court should not have conditionally granted that branch of the plaintiff's motion which was to strike Tabor's answer, and thereafter should not have stricken her answer.

The appeal by the defendants Stephen T. Greenberg and Stephen T. Greenberg, M.D., P.C., from the order entered February 15, 2011, must be dismissed, as those defendants are not aggrieved by the portion of the order appealed from (*see* CPLR 5511) and, in any event, the appeals by those defendants from the orders entered March 2, 2010, and February 15, 2011, have been abandoned. Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.