Richard Doin et al., Appellants-Respondents, v Champlain Bluffs Development Corporation et al., Respondents-Appellants, et al., Defendants. [948 NYS2d 436]—

Spain, J.

Defendant Champlain Bluffs Development Corporation is the fee owner of certain real property located on Lake Champlain in the Town of Plattsburgh, Clinton County known as Singing Sands Beach (hereinafter the beach). When this action was last before our Court (68 AD3d 1605 [2009], *lv dismissed* 14 NY3d

832 [2010]),[1] Champlain, lead by its president and sole share-holder, defendant J. David Dame, had made certain changes to the beach—previously a level grassy area—by removing the grass, creating fire pits surrounded by dune-like mounds of earth and reseeding the area with long beach grass. The changes were not welcomed by plaintiffs, the owners of townhouses adjacent to the beach who have easements to access the beach directly from their properties for the purposes of bathing, boating and other lake access. In our December 31, 2009 decision, we resolved the parties' dispute regarding who had authority to make decisions about the development of the beach in favor of plaintiffs, holding that the "amended memorandum of agreement" which governed the use and development of the beach (hereinafter the agreement[2]) gave those with deeded rights to use the beach—including the existing townhouse owners and the owners of other residential properties that had been, or will be, deeded beach access by Champlain—the power to decide how the beach should or should not be developed (*id.* at 1611). Consequently, we remitted the matter to Supreme Court to determine what relief plaintiffs were entitled under RPAPL article 15 (*id.*).

Upon remittal, in November 2010, Supreme Court held a hearing at which the parties initially vigorously disputed whether, at that point, a bona fide decision had been made by the existing property owners with deeded beach rights to restore the beach to its original condition. Plaintiffs introduced evidence of a vote taken in May 2010 by all property owners with beach rights at the time of our December 2009 decision that approved restoration by a vote of 18 to 2, with one party abstaining. Dame testified that, acting on behalf of Champlain, he had since granted beach access to 18 other existing property owners in the Bluff Point area and these grantees voted on June 1, 2010 in favor of leaving the beach in its current state.[3] Nevertheless, following a full discussion of the issues, the parties

---

**1.** A separate action involving some of the same parties has also recently been before this Court (*Doin v Dame*, 82 AD3d 1338 [2011], *lv denied* 17 NY3d 713 [2011]).

**2.** The agreement was incorporated into the conveyance to one of Champlain's predecessors in title and into the conveyances to each plaintiff (*see id.* at 1606-1607).

**3.** These grants were not made as part of a sale, but given to existing Bluff Point property owners, many of who, according to plaintiffs, did not purchase their property from Champlain. Dame conceded at the hearing that the only consideration he received in exchange for granting beach access was the promise of the grantee that he or she would vote against restoration of the beach.

eventually stipulated on the record that the May 2010 vote included the appropriate group of voters to render the decision as to whether to restore the beach, that the vote was valid and that the voters approved restoration of the beach. Relying on that stipulation, by order entered December 6, 2010, Supreme Court directed Champlain to restore the beach to its former condition, to pay any and all costs related to that restoration and to post a bond by January 15, 2011 in the amount of $62,796, representing the amount found by the court, after the hearing, to be the cost—at that time—of returning the beach to its former state.

Neither party appealed from that order. Plaintiffs, however, moved for reargument, asking the court to also declare that the votes collected by Dame were invalid because Champlain may not grant beach rights independent of a sale of the property benefitted by those rights. In opposition to that motion, Champlain successfully argued that the issue was rendered moot because the parties had stipulated that Dame's 18 additional voters had no say in the vote to restore the property. Nevertheless, Champlain thereafter failed to post the bond required by Supreme Court's order, prompting plaintiffs to move to modify that order, seeking a money judgment and permission to undertake the restoration themselves. Champlain and Dame opposed the motion, reviving their argument that the June 2010 vote extinguished Champlain's obligation to restore the beach. In May 2011, the court partially granted plaintiffs' motion in a judgment awarding each plaintiff $6,279.60—that is, one tenth of the cost of restoring the beach to each of the 10 townhouse interests owned by plaintiffs—and vacated those portions of its December 2010 order that required Champlain to restore the beach. Thereafter, Champlain and Dame refused plaintiffs' efforts to begin restoration of the beach, relying on the June 2010 vote. Plaintiffs now appeal, and Champlain and Dame cross-appeal, from Supreme Court's judgment.

As a threshold matter, because the judgment appealed from is against Champlain only, and not Dame in his individual capacity, Dame is not an aggrieved party and his pro se cross appeal must be dismissed (*see* CPLR 5511; *Smith v Town of Colonie*, 60 AD3d 1121, 1122 [2009]; *accord Berrechid v Shahin*, 60 AD3d 884 [2009]).

Turning to the merits, we hold that Champlain unjustifiably failed to comply with Supreme Court's directive that the beach be restored at Champlain's expense. Champlain's reliance on the June 2010 vote at this juncture is completely unavailing given its stipulation, *after* that vote, that the May 2010 vote to

restore the beach was valid, and its subsequent position on plaintiffs' motion to reargue that the validity of the June 2010 vote was rendered moot by the stipulation. To accept Champlain's position on appeal that the stipulation to the authenticity of the May 2010 vote was undermined by the June 2010 vote would render the stipulation meaningless and suggest a disingenuous motive on the part of Champlain for suggesting the stipulation. Indeed, by so stipulating, Champlain precluded a determination by Supreme Court on the validity of the June 2010 vote. In any event, by failing to appeal from the court's December 2010 final order directing restoration pursuant to the stipulation, Champlain may not challenge the validity of the stipulation in the context of this appeal from a subsequent order (*see Kline v Town of Guilderland*, 289 AD2d 741, 742 [2001]). Accordingly, regardless of the June 2010 vote or any subsequent vote that may call for changes to be made to the beach in the future, plaintiffs have the right to restore the beach in accordance with the May 2010 vote without further delay.

Further, Champlain has proffered no evidence to support the proposition that the June 2010 vote was valid. In our prior decision, we held that Champlain could create additional voting rights "by *conveying other residential properties from its remaining land holdings with rights to use the beach*" (68 AD3d at 1610 [emphasis added]).[4] We did not hold that beach rights could be created independent of an actual transfer of a residential property out of Champlain. Indeed, the agreement which dedicated the beach and set forth the rules for its future use and development explicitly limited the right to convey the right to use the beach to "purchasers [from Champlain] of residential property at Bluff Point now or hereafter belonging to [Champlain]." Clearly the agreement contemplated that beach rights would only be created in conjunction with a contemporaneous sale of property from Champlain. Thus, Champlain did not have the right to grant additional beach rights to any property owner within Bluff Point, regardless of when and from whom they obtained their property.

We also reject Champlain's suggestion on appeal that, in our previous decision, we held that this provision restricting Champlain's right to grant beach access was eliminated by the doctrine of merger. We acknowledged that because Champlain is the successor in interest to both original parties to the agree-

4. We also stated that "Champlain, as the successor in interest to Bluff Point Development, has the right to assign additional unexclusive beach rights *when selling other residential property at Bluff Point*" (68 AD3d at 1610 n 2 [emphasis added]).

ment, certain aspects of the agreement were merged, but we also held that because plaintiffs were also successors in interest to one of the original contracting parties, "those portions of the agreement that impact plaintiffs remain enforceable" (*id.* at 1610). As plaintiffs clearly have an interest in the number of families to which beach rights can be granted, the provision limiting Champlain's ability to grant beach access only to purchasers of residential property in Bluff Point from Champlain is indeed enforceable.

Champlain did not appeal from Supreme Court's December 2010 order assessing the cost of restoration and, on appeal, does not challenge the amount assessed, but rather argues that any award is inappropriate. Thus, while the amount determined by Supreme Court is not at issue and we hold that Champlain must bear the cost of restoration, we agree that the individual plaintiffs are not entitled to damages but, rather, the judgment should go to plaintiffs, collectively, to be used to restore the beach to its original condition, and Champlain shall remain responsible for any reasonable cost of restoration exceeding the amount of the judgment. Any interference by Champlain or its principal, successors or assigns with plaintiffs' restoration of the beach or any failure on the part of Champlain or its principal, successors or assigns to cooperate fully with such efforts shall be subject to sanctions to be determined by the court. Cooperation shall include the execution of any applications for permits, if necessary to complete the restoration work.

Peters, P.J., Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as vacated the obligation of defendant Champlain Bluffs Development Corporation to pay for any and all costs related to the restoration of Singing Sands Beach and that awarded monetary judgments to the individual plaintiffs; (1) it is declared that plaintiffs are entitled to restore the beach and said defendant, and its successors or assigns, shall cooperate and not interfere with plaintiffs' restoration efforts, (2) the sum of $62,796 with interest from December 6, 2010 is awarded to plaintiffs, collectively, for the exclusive use of restoring the beach as contemplated by the vote taken in May 2010 by plaintiffs and the other voting property owners as of December 31, 2009, and (3) said defendant shall pay for any and all costs related to restoration of the beach; and, as so modified, affirmed.

Ordered that the cross appeal is dismissed, without costs.