■ DIANA FLORES et al., Respondents, v JOSE VELEZ, Defendant, and PENTECOSTAL ASSEMBLY, INC., et al., Appellants. [974 NYS2d 134]—

In an action, inter alia, to recover damages for negligent hiring, supervision, and retention, etc., the defendants Pentecostal Assembly, Inc., Angel L. Roman, Sr., and Luis Serrano appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (Silber, J.), dated February 6, 2012, as granted that branch of the plaintiffs' motion pursuant to CPLR 3126 which was, in effect, to preclude them from offering testimony at trial based upon their failure to comply with discovery demands to the extent of precluding them from offering certain testimony at trial, and (2) so much of an order of the same court dated June 14, 2012, as, upon reargument, amended the order dated February 6, 2012, only to the extent of limiting the testimony they were precluded from offering at trial.

Ordered that the appeal from the order dated February 6, 2012, is dismissed, as that order was superseded by the order dated June 14, 2012, made upon reargument; and it is further,

Ordered that the order dated June 14, 2012, is reversed insofar as appealed from, on the facts, and, upon reargument, the determination in the order dated February 6, 2012, granting that branch of the plaintiffs' motion pursuant to CPLR 3126 which was, in effect, to preclude them from offering testimony at trial based upon their failure to comply with discovery demands to the extent of precluding them from offering certain testimony at trial is vacated, and that branch of the plaintiffs' motion is denied; and it is further,

Ordered that one bill of costs is awarded to the appellants.

"CPLR 3126 states that a court may sanction a party for willfully failing to comply with discovery, including precluding the party from 'producing in evidence designated things or items of testimony' " (*Raville v Elnomany*, 76 AD3d 520, 521 [2010],

quoting CPLR 3126). Here, the Supreme Court improperly precluded the defendants Pentecostal Assembly, Inc. (hereinafter the church), Angel L. Roman, Sr., and Luis Serrano (hereinafter collectively the church defendants) from offering at trial any testimony regarding the subject matter of certain documents sought by the plaintiffs in their request for production of documents dated December 15, 2010, and second notice to produce dated December 16, 2010. The church defendants timely advised the plaintiffs that a search was underway for the documents at issue, later advised the plaintiffs that the documents at issue did not exist, and, in response to the plaintiffs' motion to strike their answer, submitted a sworn affidavit from the secretary of the church's Board of Trustees attesting that a diligent search for the documents at issue had been conducted and that no such documents existed. Under these circumstances, the church defendants did not willfully fail to comply with the plaintiffs' discovery demands (*see Meyers v Greenberg*, 87 AD3d 988, 989 [2011]; *Paul N. Greenberg, D.P.M., P.C. v Montalvo*, 290 AD2d 402, 402 [2002]; *Citibank [S.D.] v Johnson*, 206 AD2d 942, 942 [1994]).

Accordingly, the Supreme Court, upon reargument, should have vacated its original determination granting that branch of the plaintiff's motion pursuant to CPLR 3126 which was, in effect, to preclude the church defendants from offering certain testimony at trial. Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.