■ KLAUS THYMANN, Respondent, v AFG MANAGEMENT, Appellant. [975 NYS2d 879]—

Appeal from order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered December 18, 2012, which, insofar as appealed from, granted plaintiff's application to resettle the court's order dated August 29, 2012 to reinstate his conversion claim against additional parties, Pier 59 Studios, LP and Frederico Pignatelli, unanimously dismissed, without costs.

Defendant is not "[a]n aggrieved party" within the meaning of CPLR 5511 by the order it now challenges. Defendant does not stand to be affected by the court's permission to grant plaintiff leave to add a conversion claim against Pignatelli and Pier 59, which had separate definable interests. If the order were reversed, defendant, as an entity, would not have its right to a full judgment in its favor directly affected (*see Boyle v City of New York*, 237 AD2d 230 [1st Dept 1997]; *see also Midland Ins. Co. v Lewis*, 178 AD2d 146, 147 [1st Dept 1991]). "That the adjudication may remotely or contingently affect interests which the party represents does not give it a right to appeal" (*State of New York v Philip Morris Inc.*, 61 AD3d 575, 578 [1st Dept 2009], *appeal dismissed* 15 NY3d 898 [2010] [internal quotation marks omitted]). Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Gische, JJ.