Burke, J.
Plaintiff, having first ascertained that the seller would make any necessary repairs, purchased an air conditioner from defendant (referred to hereafter as R & M). The seller delivered and installed the unit which was found to be defective. Plaintiff spoke to the store’s manager and was assured that the matter would receive their prompt attention. R & M, which did not maintain a service department for air-conditioning units, called the manufacturer, Olympic, and was directed to contact the third-party defendant (referred to hereafter as Rondel). An employee of Rondel went to plaintiff’s home and, after stating that he had been sent by R & M removed the unit. In the course of the next three months, plaintiff, on repeated occasions, visited the R & M store to ascertain the status of the repairs. Each time she was assured by the manager that R & M would attend to the matter.
On September 9, 1959, plaintiff entered her first-floor apartment in a two-family dwelling through the front door. Access *453 to the apartment was also available through a side door. Subsequently, plaintiff sought egress through the side entrance. She stepped out and to the right, as the house's construction required. Despite seeing a large box in front of her, she was prevented by her momentum from stopping. Plaintiff fell over the obstruction—the air conditioner sold by B & M—and sustained the injuries for which she seeks recovery. The unit had been delivered by Bondel.
Plaintiff commenced an action against B & M, and the latter commenced a third-party action against Bondel. A dismissal of the complaint after a trial was reversed by the Appellate Division, and a new trial was ordered (27 A D 2d 857). Judgment for plaintiff, entered after a second trial on the jury verdict, was reversed by the Appellate Division (30 A D 2d 979) and the complaint was dismissed.
Two issues are presented: (1) Did plaintiff prove a prima facie case, and, if so, (2) is B & M liable for the negligence of Bondel?
As to the first issue, we think that the evidence presented a jury question and was sufficient to sustain a finding that Bondel was negligent, and B & M was vicariously liable for the injuries suffered by the plaintiff.
By the terms of its written contract, B & M made no warranties, express or implied, other than those contained in the written agreement. That instrument imposed no obligation on B & M to repair the air-conditioning unit. Liability here, however, is not dependent upon any obligation to repair. B & M undertook to repair the unit, apparently as part of its customer relations policy, so that, regardless of its contractual obligation, it became bound to fulfill the assumed responsibility with reasonable care (2 Harper & James, Torts, § 18.6, pp. 1044r-1045; cf. Dunham v. Village of Canisteo, 303 N. Y. 498, 502). Encompassed within the assumed duty was the repair and, collaterally, the careful redelivery and reinstallation of the machine. The delegation of the performance of the assumed responsibility to Bondel, an independent contractor, does not absolve B & M from liability for Bondel's negligence.
In the case of alleged independent contractors, the general rules of agency have been so modified by exception that they do not control under these circumstances (see Pirosser, Torts *454 [3d ed.], § 70, pp. 480-489; see, also Restatement, 2d, Torts, §§ 410-429). The applicable principle is stated in the Restatement as follows: “ One who employs an independent contractor to perform services for another which are accepted in the reasonable belief that the services are being rendered by the employer or by his servants, is subject to liability for physical harm caused by the negligence of the contractor in supplying such services, to the same extent as though the employer were supplying them himself or by his servants ” (Restatement, 2d, Torts, § 429). The rule is applicable if “ the negligence of the contractor consists * * * in carelessness in the detail of rendering them” (Restatement, 2d, Torts, § 429, Comment 6).
Plaintiff testified, and the jury obviously believed her, that, prior to the accident, R & M’s manager repeatedly assured her that the unit would be repaired by it. The negligence alleged was in the ‘1 carelessness in the detail ’ ’ incident to the redelivery. That service was as necessary as the repair itself,. for a functioning air conditioner would be useless to plaintiff so long as it remained in the shop. The testimony of the plaintiff, which was accepted by the jury, supports the verdict in this case, but, in any case, the intervention of an independent contractor does not relieve a person who undertakes to repair a chattel of liability for the repairs or anything collaterally connected with the repairs.
R & M contends that the trial court’s charge with respect to the principal-agent relationship was inaccurate and inadequate. No exception was taken nor was a request to charge made, hence the issue is not preserved for our review (CPLR 4017). Since the Appellate Division reversal is on the law and the facts, there will be a new trial.
Accordingly, the order of the Appellate Division, Second Department, is reversed, and a new trial is ordered.
Chief Judge Fuld and Judges Bergan, Breitel and Gibson concur with Judge Burke; Judges Scileppi and Jasen dissent and vote to affirm on the opinion at the Appellate Division.
Order reversed and a new trial granted, with costs to abide the event.