■ JOHN PANSO et al., Appellants, v TRIBORO COACH CORP., Respondent. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Lonschein, J.), entered August 24, 1989, which

granted the motion of the defendant for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

On September 3, 1984, the plaintiff John Panso was crossing the street at the corner of Hobart Street and 30th Avenue in Queens, when he tripped and fell into a steep pothole by the curb at a bus stop. The pothole allegedly measured approximately 17 by 20 inches and four or more inches in depth. As a result of the fall, John Panso suffered a fracture of his left hip, which left him with some permanent disability. He commenced the instant action, alleging, *inter alia,* that the use by the defendant Triboro Coach Corp. of the bus stop area tended to create potholes so as to cause hazardous and unsafe conditions. The court granted the defendant's motion for summary judgment dismissing the complaint. We affirm.

Contrary to the plaintiffs' contention on appeal, the defendant was under no duty to the plaintiff John Panso to maintain the road in the bus stop area. It is well established that the nondelegable duty to maintain the roads and highways in a reasonably safe condition rests with the governmental entity charged with this obligation, be it the State, county or municipality *(see, Lopes v Rostad,* 45 NY2d 617, 623; *see also, Friedman v State of New York,* 67 NY2d 271, 286). Before liability can be imposed on a defendant for his or her conduct, it must be demonstrated that the defendant owes a duty of care to the plaintiff and that there was a breach of that duty *(see, Pulka v Edelman,* 40 NY2d 781, 782). The plaintiffs here failed to establish that the defendant owed the plaintiff John Panso a duty to maintain the road in the bus stop area *(see, Zuckerman v City of New York,* 49 NY2d 557, 562).

In addition, we find that the defendant did not owe a duty to the plaintiffs to notify the City of New York of the defective condition existing in the bus stop area. Bracken, J. P., Sullivan, Miller and Ritter, JJ., concur.