■ ROSLYN SHAPIRO et al., Plaintiffs, v TIDES INN REALTY CORP., Defendant and Third-Party Plaintiff-Respondent, and VILLAGE OF FREEPORT, Third-Party Defendant-Appellant. [595 NYS2d 64] —In an action to recover damages for personal injuries, etc., the third-party defendant Village of Freeport appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated January 15, 1991, which denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with costs, and the third-party complaint is dismissed.

The third-party defendant Village of Freeport (hereinafter Freeport) presented unrebutted proof that it never had been given prior notice of any defect in the sidewalk upon which the injured plaintiff was walking when she fell (see, Village Law § 6-628; CPLR 9804). Thus, it was entitled to summary judgment dismissing the third-party complaint (see, Barry v Niagara Frontier Tr. Sys., 35 NY2d 629, 634).

The third-party plaintiff Tides Inn Realty Corp. (hereinafter Tides) argues that Freeport's construction of replacement sewer lines in the adjacent street, which took place at or about the time of the accident and which also involved replacing sidewalks, might have played an affirmative role in causing the injured plaintiff to fall, obviating the notice requirement. However, none of the evidence it offered connected this work to the accident. Indeed, both the injured plaintiff and her husband, who was walking beside her at the time of the accident, testified at their examinations before trial that they observed no construction debris, dirt or breaks in the sidewalk. A Tides employee, who also testified, admitted he did not see the fall, but rather came out of his place of business shortly afterwards to assist the injured plaintiff. Accordingly, we disagree with the Supreme Court that an issue of fact exists concerning Freeport's creation of a dangerous condition by dint of road or sidewalk repair work and thus conclude that summary judgment should have been granted in Freeport's favor (see, Witte v Incorporated Vil. of Port Washington N., 114 AD2d 359). Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.