■ BEULAH ZIPKIN, Respondent-Appellant, v CITY OF NEW YORK, Appellant-Respondent. [602 NYS2d 149] —In a negligence action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Ramirez, J.), entered March 12, 1992, which is in favor of the plaintiff and against it in the sum of $46,059.75, and the plaintiff cross-appeals from the judgment on the ground of inadequacy.

Ordered that the judgment is affirmed, without costs or disbursements.

The plaintiff alleged that the City of New York was negligent in the maintenance of the sidewalk on which the plaintiff fell. During the liability phase of the trial, the City attempted to present evidence of its policy regarding sidewalk repairs, claiming that it did not repair sidewalk defects caused by tree roots, but left such repairs to the homeowner whose property abutted the sidewalk. The City claimed that it gave a priority to making repairs in more heavily-populated areas. We find that the court properly excluded evidence of such policies. The City has a duty to maintain sidewalks *(see, D'Ambrosio v City of New York,* 55 NY2d 454), and an alleged policy to not

repair the type of defect at issue is not a viable excuse in this case.

The plaintiff contends that comments made by the court and the defense counsel alluding to or directly commenting on the City's fiscal difficulties prejudiced the jury so that they improperly took the City's financial condition into account when awarding damages. Most of the comments now complained of were not objected to and are therefore not preserved for appellate review (see, CPLR 4017; *Miles v R & M Appliance Sales,* 26 NY2d 451). In any event, we find that any error which occurred was harmless. The comments actually made in the presence of the jury were few and brief and curative instructions, which were not objected to, were given for one of the comments. Furthermore, the amount of damages awarded by the jury constituted reasonable compensation. Therefore, no prejudice from the remarks has been demonstrated. Thompson, J. P., Miller, Santucci and Joy, JJ., concur.