■ VINCENT TORTORA, Respondent, v PEARL FOODS, INC., Appellant. (And a Third- and Second Third-Party Action.) [606 NYS2d 235] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered December 30, 1992, which denied the defendant's motion for summary judgment, unanimously re-

versed, on the law, the motion is granted, and the complaint is dismissed, without costs.

The Supreme Court erred in denying the defendant's motion for summary judgment since the plaintiff failed to establish the existence of any triable issue of fact *(Zuckerman v City of New York,* 49 NY2d 557). There is nothing in the record to suggest that the defendant made any repairs to the public sidewalk where the plaintiff purportedly fell nor did it engage in the negligent removal of snow or ice. In fact, the plaintiff conceded at his deposition that the snow did not cause his fall.

It is well settled that the owner or lessee of land abutting a public sidewalk owes no duty to the public to keep the sidewalk in a safe condition unless the landowner or lessee creates a defective condition in the sidewalk or uses it for a special purpose *(D'Ambrosio v City of New York,* 55 NY2d 454; *Roark v Hunting,* 24 NY2d 470; *Nevins v Great Atl. & Pac. Tea Co.,* 164 AD2d 807). The fact that patrons of the defendant's establishment formed a line on the sidewalk while awaiting entrance did not establish such special use *(see, Balsam v Delma Eng'g Corp.,* 139 AD2d 292, *lv dismissed in part and denied in part* 73 NY2d 783). Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Rubin, JJ.