■ LORRAINE RUBIN, Respondent, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. (And a Third-Party and Second Third-Party Action.) [621 NYS2d 304] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered June 25, 1993, which denied defendant New York City Transit Authority's motion for summary

judgment, unanimously reversed, on the law, without costs, and the complaint is dismissed as against the Transit Authority.

This is a personal injury action in which plaintiff was allegedly injured when she tripped and fell on a defective portion of the sidewalk located on the south side of West 55th Street between 8th Avenue and Broadway. Pursuant to plaintiff's bill of particulars, the incident occurred approximately two feet from an emergency subway exit situated on the sidewalk surface. At a subsequent hearing conducted pursuant to General Municipal Law § 50-h, plaintiff indicated she fell between a metal plate which covered the subway exit and an empty lot. Plaintiff's notice of claim also states that she was two feet from the subway exit when the accident occurred.

The Transit Authority thereafter moved for summary judgment, asserting, *inter alia:* that the subway exit had been installed fifteen years prior to the accident and that no work had been done there since that time; that they did not maintain, repair or control the area of the sidewalk where plaintiff fell; and that there is no evidence the emergency exit caused the break in the sidewalk some two feet away or in any way contributed to plaintiff's fall. The IAS Court subsequently denied the Transit Authority's motion on the grounds that issues of fact existed, although the IAS Court did not elaborate on what those issues were. We now reverse.

It is beyond cavil that the duty to keep public sidewalks in reasonably safe condition and to repair any defects falls upon the municipality *(D'Ambrosio v City of New York,* 55 NY2d 454; *Zipkin v City of New York,* 196 AD2d 865, *lv denied* 82 NY2d 665).

In the case at bar, the Transit Authority provided ample proof, which plaintiff failed to rebut, that it did not control, maintain, repair or make special use of that portion of the sidewalk, admittedly two feet from the location of the Transit Authority's emergency exit, where plaintiff fell. As a result, no liability attaches *(Gage v City of New York,* 203 AD2d 118; *Tortora v Pearl Foods,* 200 AD2d 471; *Panso v Triboro Coach Corp.,* 172 AD2d 813). Concur—Asch, J. P., Rubin, Nardelli and Tom, JJ.