(August 17, 1995)

■ RUTH MacLEOD, Respondent, v PETE's TAVERN, INC., et al., Appellants, and LILLIAN TROY et al., Respondents. [630 NYS2d 729] —Order, Supreme Court, New York County (Fern Fisher-Brandveen, J.), entered July 12, 1994, which, insofar as appealed from, denied defendants-appellants' motion for summary judgment, affirmed, without costs.

"It is well settled that an owner of land abutting on a public sidewalk does not, solely by reason of being an abutter, owe to the public a duty to keep the sidewalk in a safe condition" (Kiernan v Thompson, 137 AD2d 957, 958; see also, D'Ambrosio v City of New York, 55 NY2d 454, 462; Granville v City of New York, 211 AD2d 195) unless the abutter created the defect or uses the sidewalk for a special purpose (D'Ambrosio v City of New York, supra; Noto v Mermaid Rest., 156 AD2d 435, 435-436). If a special use actually obstructs part of the sidewalk, the duty to maintain extends beyond the area of the sidewalk actually obstructed to include that area toward which pedestrians are directed because the obstruction defines their path (Curtis v City of New York, 179 AD2d 432, lv denied 80 NY2d 753).

Defendants' motion for summary judgment was properly denied, there being a question of fact as to whether defendants' special use of the sidewalk guided plaintiff to and directly caused her use of the damaged area of the sidewalk on which she allegedly fell. Defendants contend that their only special use of the sidewalk was inside an iron guardrail within which

tables were set up, and that, since this left available to pedestrians a wide expanse of undamaged sidewalk, the obstruction caused by their activities did not direct plaintiff's path toward the damaged area.

Plaintiff, however, submitted evidence in opposition showing that defendants' employees customarily used the area outside of the guardrail in waiting on tables, and that on the date of her accident, it was the presence of a group of people, including an employee, occupying part of the sidewalk outside the area delineated by the guardrail, which steered her path toward the area of the sidewalk that was damaged. Contrary to defendants' arguments, we do not find that this type of use is comparable to a line or group of customers standing outside of a business establishment waiting to conduct business inside, which, this Court has held, does not constitute a special use (*Tortora v Pearl Foods*, 200 AD2d 471; *see also, Balsam v Delma Eng'g Corp.*, 139 AD2d 292, *lv dismissed in part and denied in part* 73 NY2d 783). Here, there is no question that the sidewalk cafe constitutes a special use and the only question is the extent of that use. We find that plaintiff has presented sufficient evidence to withstand summary judgment on the issue of whether the de facto boundaries of defendants' sidewalk cafe extended beyond the guardrail, to include the area occupied by the group that included its employee. Under these circumstances we decline to limit defendants' special use to the area actually contained by the guardrail if plaintiff is able to show that defendants did not themselves respect the limit and were making use of the sidewalk beyond it.

Thus, if plaintiff can establish that defendants' special use of the sidewalk obstructed her path, and that, as a result, she was directed toward a hazard that caused her injury, defendants are liable to plaintiff for that injury (*Curtis v City of New York, supra*).

Motion by defendant Lillian Troy to dismiss plaintiff's cross appeal is granted on consent, and the cross appeal by defendant Lillian Troy is deemed withdrawn. Concur—Ellerin, Rubin, Tom and Mazzarelli, JJ.

Murphy, P. J., dissents in a memorandum as follows: I would reverse and grant appellants' motion for summary judgment dismissing the complaint. The special use by Pete's Tavern is neither the legal nor the proximate cause of plaintiff's injuries.

The plaintiff seeks damages from the City of New York and the owner and operator of Pete's Tavern for personal injuries allegedly resulting from a fall caused by a hole in the sidewalk. At issue on this appeal is whether the Pete's Tavern defendants may be held liable.

In addition to its indoor restaurant, Pete's Tavern operates an open-air, unenclosed outdoor cafe bordered by a wrought iron guardrail enclosing approximately four to five feet of the sidewalk. According to the restaurant manager, the wrought iron guardrail has been designated as a landmark and cannot be removed. The outdoor cafe has been operated with a permit as an outdoor cafe since 1958. The sidewalk at the site of the accident is particularly wide; indeed, as the plaintiff acknowledges in her bill of particulars, it accommodates the open-air cafe with more than six feet of sidewalk width remaining for pedestrian passage between the defect in the sidewalk and the curb, and this does not include the distance between the railing and the defect in which people were allegedly congregating. To the extent that plaintiff's access was narrowed, it was by the people congregating, not by the presence of the outdoor cafe.

The majority holds that Pete's Tavern may be held liable on the theory that it benefited from a "special use" of the sidewalk in that the waiters took orders from the tables while standing outside the wrought iron fence. Although the record indicates that no food was served from outside the fence, plaintiff alleges that a group of people, including a waiter, were congregating around the wrought iron fence and "defined the plaintiff's path and in effect directed [her] towards the defect in the sidewalk that caused [her] to fall" (citing *Curtis v City of New York,* 179 AD2d 432, *lv denied* 80 NY2d 753). However, the alleged fact that a Pete's Tavern waiter was among the crowd that is said to have obstructed the sidewalk and forced plaintiff to walk into a defect is not a sufficient predicate for liability. Pete's Tavern has no duty to prevent people from congregating on the sidewalk outside its premises. A lone employee on the sidewalk hardly "defined the plaintiff's path". Moreover, with unobstructed sidewalk six feet in width between plaintiff and the curb, the group allegedly obstructing part of the sidewalk was not a substantial contributing factor in causing plaintiff to fall.

The defect in the sidewalk was entirely the obligation of the City of New York to repair, and the record establishes that the City had notice of the defect. There is no legal basis for holding Pete's Tavern liable.

In the cases that hold a possessor of real property liable for injuries involving a defect in the sidewalk where the abutting owner made a special use of the sidewalk, it is the special use itself that directed the plaintiff toward the defect. In *Ryan v Gordon L. Hayes, Inc.* (22 AD2d 985, *affd* 17 NY2d 765), the

plaintiff was allowed to recover for falling on a defective sidewalk where the defendant was blocking two thirds of the sidewalk with a ladder while installing a neon sign. In *D'Ambrosio v City of New York* (55 NY2d 454), an abutting owner was held liable where the special use made of the sidewalk was an embedded metal disk that was raised one inch above the surface and covered a shut-off valve for a water intake. In *Curtis v City of New York* (*supra*), an abutting owner had placed newspaper racks and metal boxes for selling newspapers on either side of the entrance to the store. The plaintiff fell when his heel became stuck in a hole directly in front of the newspaper racks. This Court held that the racks constituted a special use of the sidewalk that "defined the plaintiff's path and in effect directed him towards the defect in the sidewalk" *(supra,* at 432).

This case significantly differs from *Curtis, D'Ambrosio,* and *Ryan,* in that plaintiff's path was not proximately caused by any physical obstruction of the sidewalk, much less one attributable to appellants' special use. As noted previously, the sidewalk in front of Pete's Tavern was not unduly constricted by the existence of the outdoor cafe. The presence of a waiter at the iron railing did not materially contribute to any obstruction of the sidewalk.

The hazard relied upon by plaintiff—that the sidewalk was narrowed by a group of people congregating on the sidewalk along the iron railing—is not a special use by Pete's Tavern even if one of its waiters was among the crowd, and even if there were not six feet of unobstructed sidewalk between the defect and the curb. In *Tortora v Pearl Foods* (200 AD2d 471), we specifically held that the fact that patrons waiting for admission to a business establishment formed a line on the sidewalk blocking passage, did not constitute a special use of the sidewalk. Here, the people alleged to have blocked the sidewalk are not even alleged to have been patrons of Pete's Tavern.