(November 2, 1995)

■ BEATRICE DARNOVSKY, Appellant, v UNUSUAL RESTAURANT, INC., et al., Respondents. [633 NYS2d 147] —Order, Supreme Court, New York County (Carol Arber, J.), entered on or about February 6, 1995, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

We reject plaintiff's contention that defendants' "special use" of the sidewalk created a duty on their part to keep the sidewalk area adjacent to the outdoor cafe railing unobstructed, since the "special use" doctrine does not apply in this case. The allegedly "defective condition", a dog tied to a barrier while its owner was allegedly patronizing defendant restaurant's establishment, was on a section of the sidewalk on which plaintiff was walking that was outside of the area on which the restaurant was situated (*compare, Curtis v City of New York*, 179 AD2d 432, *lv denied* 80 NY2d 753). There is no claim that "the de facto boundaries of defendants' sidewalk cafe extended beyond the guardrail" (*MacLeod v Pete's Tavern* 218 AD2d 551, 552). Moreover, the doctrine normally is applied in situations where injury is caused by an allegedly defective condition *in the sidewalk itself* (*Karr v City of New York*, 161 AD2d 449 [metal plate in sidewalk]; *Schechtman v Lappin*, 161 AD2d 118 [oil filler cap in sidewalk and abutting hole in concrete]; *Giaccotto v New York City Tr. Auth.*, 150 Misc 2d 164, *revd on other grounds* 184 AD2d 355 [unsecured grating in sidewalk]; *see also, Gage v City of New York*, 203 AD2d 118 [terrazzo tile installed on sidewalk]), whereas here, plaintiff allegedly tripped over the dog. Plaintiff offers no authority for her contention that the special use doctrine applies where a patron's animal obstructs a pedestrian's path on a section of the public sidewalk.

We have considered defendants' remaining contentions and find them to be without merit. Concur—Murphy, P. J., Asch, Nardelli and Mazzarelli, JJ.