■ Barbara A. Roe et al., Appellants, v City of Poughkeepsie et al., Respondents. [645 NYS2d 856] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Dutchess County (Jiudice, J.), entered September 11, 1995, which granted the defendants' respective motions for summary judgment dismissing the complaint, (2) a judgment of the same court entered September 20, 1995, which dismissed the complaint insofar as asserted against the defendants Skimin-Nardone, Inc., d/b/a Aloy's Garden Restaurant, Richard L. Skimin, Josephine Skimin, Frank A. Nardone and Josephine Nardone, and (3) a judgment of the same court entered September 27, 1995, which dismissed the complaint insofar as asserted against the defendant City of Poughkeepsie.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgments are affirmed; and it is further,

Ordered that the respondents appearing separately and filing separate briefs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed

because the right of direct appeal therefrom terminated with the entry of judgment in the action (Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgments (see, CPLR 5501 [a] [1]).

The injured plaintiff allegedly tripped and fell over a three-inch high pipe protruding upwards from the ground abutting the premises of the defendant Skimin-Nardone, Inc., d/b/a Aloy's Garden Restaurant (hereinafter Aloy's), a restaurant owned by the defendants Richard L. Skimin, Josephine Skimin, Frank Nardone, and Josephine Nardone.

It is well established that an owner of land abutting a public sidewalk does not have a duty to keep the sidewalk in a safe condition, and that such a landowner cannot be held liable to a pedestrian injured by a defect in the sidewalk unless the landowner created the defect or caused it to occur because of some special use (Davi v Alhamidy, 207 AD2d 859, 860; Bloch v Potter, 204 AD2d 672, 673; Gaboff v City of New York, 197 AD2d 560, 561).

The mere fact that the patrons of the restaurant used the abutting sidewalk does not establish a "special use" imposing an obligation on the landowners to maintain the sidewalk (see, Tortora v Pearl Foods, 200 AD2d 471, 472; Panso v Triboro Coach Corp., 172 AD2d 813, 814; MacKain v Pratt, 182 AD2d 967, 968). Since the plaintiffs have failed to establish that either Aloy's or its owner owed the plaintiffs a duty to maintain the area upon which the injured plaintiff fell, the motion by these defendants for summary judgment was properly granted and the complaint properly dismissed as to them (see, Panso v Triboro Coach Corp., supra).

The plaintiffs conceded that they had not established that any prior written notice of the protruding pipe had ever been provided to the City. The plaintiffs' failure to make a showing of an exception to the notice requirement, i.e., that the City created the defective condition or enjoyed a special use from the pipe, mandated a dismissal of the action insofar as it is asserted against the City (see, Poirier v City of Schenectady, 85 NY2d 310; Shapiro v Tides Inn Realty Corp., 191 AD2d 490; Waters v Town of Hempstead, 166 AD2d 584, 585). Bracken, J. P., Copertino, Pizzuto and Goldstein, JJ., concur.