■ NANCY BAILEY et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendants. [704 NYS2d 582] —Order, Supreme Court, New York County (Louis York, J.), entered November 23, 1998, which denied defendant New York City Transit Authority's motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint and all cross-claims as against it.

Plaintiff Nancy Bailey was injured when she slipped and fell on a sidewalk curb in front of a building located at 3-5 West 110th Street. The instant action was commenced by plaintiffs against the City of New York, as the owner of the sidewalk, Trocom Construction Company, which had been performing construction work in the area, and the New York City Transit Authority (NYCTA). Plaintiffs alleged that the three defendants negligently managed and maintained the area where the injured plaintiff fell.

Thereafter, NYCTA moved for summary judgment dismissing the complaint and any cross-claims interposed against it. NYCTA noted that the injured plaintiff fell on a public sidewalk that it did not own, maintain, operate or control. Moreover, it asserted that there was no nexus between NYCTA and the accident site since NYCTA did not have any facilities near the location. Furthermore, NYCTA maintained that it had no records of any kind pertaining to the area in question. Neither the City nor Trocom opposed the motion.

Plaintiffs, however, asserted that the relief sought was premature because discovery had not yet been completed. Additionally, counsel claimed that it could not yet be ascertained whether NYCTA had a connection to the accident site. In this regard, plaintiffs relied on an affidavit from plaintiff Ernest Bailey, who stated that he noticed an office door on the block of the accident site had a NYCTA sign on it.

Supreme Court denied the motion, without prejudice to re-

newal upon completion of discovery. In so doing, the court concluded that further discovery was required in view of plaintiffs' allegation that a NYCTA sign was on an office door on the block of the accident site. We disagree.

It is well established that the duty to keep public sidewalks in a reasonably safe condition and to repair any defects falls upon the municipality (*D'Ambrosio v City of New York*, 55 NY2d 454; *Rubin v City of New York*, 211 AD2d 417, 418; *Zipkin v City of New York*, 196 AD2d 865, *lv denied* 82 NY2d 665). Here, it is uncontroverted that NYCTA did not control, maintain, repair or make special use of that portion of the sidewalk where the injured plaintiff fell. In fact, the record is barren of any indication that NYCTA had any connection to the location where the accident occurred. As a result, there is no basis for NYCTA to be found liable (*see, Gage v City of New York*, 203 AD2d 118; *Tortora v Pearl Foods*, 200 AD2d 471; *Panso v Triboro Coach Corp.*, 172 AD2d 813).

In addition, and contrary to Supreme Court, we do not believe that the motion should have been denied to await discovery. Plaintiffs failed to show that facts essential to justify opposition to the motion may emerge upon further discovery. A grant of summary judgment cannot be avoided by a claimed need for discovery unless some evidentiary basis is offered to suggest that discovery may lead to relevant evidence (*see, Auerbach v Bennett*, 47 NY2d 619, 636; *Ruttura & Sons Constr. Co. v Petrocelli Constr.*, 257 AD2d 614, 615, *lv dismissed* 93 NY2d 956). Plaintiffs' vague and conclusory allegations concerning a sign that may have been on an office door does not alter this conclusion. Concur—Nardelli, J. P., Tom, Lerner, Rubin and Friedman, JJ.