■ NICHOLAS BAILLY, as Father and Natural Guardian of NASTOR BAILLY, an Infant, Appellant, v RUDOLF STEINER SCHOOL, Respondent, et al., Defendants. [741 NYS2d 197] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), entered April 3, 2001, which, to the extent appealed from

as limited by the brief, upon the prior grant of defendant Rudolf Steiner School's motion for a directed verdict, dismissed the complaint against that defendant, unanimously affirmed, without costs.

The infant plaintiff was injured when, moments after alighting from a school bus owned and operated by the Punctual defendants, he was hit by another vehicle while crossing the street. The trial court properly directed a verdict for defendant Rudolf Steiner School (Rudolf Steiner) at the close of plaintiff's case since the evidence was not rationally supportive of plaintiff's theory that Punctual, the independent contractor bus company, was Rudolf Steiner's ostensible agent. Plaintiff presented no evidence that the school held itself out as the provider of bus transportation or that it controlled the bus company and, indeed, the school's transportation contract identified the name and address of the bus company (cf., Miles v R & M Appliance Sales, 26 NY2d 451). Nor is there any basis for plaintiff's belated claim on appeal that vicarious liability should be imposed upon the ground that the school had a nondelegable duty to provide bus transportation (see, Chainani v Board of Educ. of City of N.Y., 87 NY2d 370, 380-381). Finally, the court's evidentiary ruling limiting evidence as to Rudolf Steiner's awareness that Punctual was frequently not punctual was a proper exercise of discretion, since such evidence was unrelated to the bus company's alleged negligence in permitting the child to cross the street alone without the minimal protection of the bus's flashing lights. Concur—Saxe, J.P., Buckley, Sullivan, Rosenberger and Ellerin, JJ.