█ Elle F. Melania Fuga, Respondent, v St. Moritz Holding, LLC, et al., Appellants. [753 NYS2d 25] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about April 2, 2002, which, in an action by a laborer to recover for personal injuries sustained when the scaffold on which she was working collapsed, granted plaintiff's motion for partial summary judgment on the issue of defendants owner's and general contractor's liability under Labor Law § 240 (1), unanimously affirmed, without costs.

Defendants concede that plaintiff makes out a prima facie case under Labor Law § 240 (1), but argue that summary judgment on the issue of their liability should not have been granted because plaintiff had not complied with a compliance conference order, issued after she had moved for summary judgment, directing her to produce the last known addresses of two coworkers who she identified in her deposition as having been on the scaffold with her. Plaintiff responded that her coworkers are not her friends, and she does not know their addresses. The IAS court, the same court as issued the compliance order, properly determined that defendants had sufficient time to locate the coworkers. Indeed, defendants' own investigation report identified two other coworker witnesses by name, and defendant general contractor was clearly in a better position than plaintiff to locate any workers who were on the job at the time of the accident. Even if, as defendants claim, they only learned of the identities of the two coworkers on the scaffold at plaintiff's deposition, they still had almost two months to locate them, but, so far as appears, made no effort to do so. But even more significant than defendants' lack of diligence is the futility of the disclosure they seek. Given that defendants themselves identified the cause of the scaffold's collapse as a malfunctioning part, and admit that plaintiff was not provided with a safety harness, it is not apparent what facts essential to avoid liability under section 240 (1) could be provided by the coworkers (see *Auerbach v Bennett*, 47 NY2d 619, 636; *Bailey v New York City Tr. Auth.*, 270 AD2d 156). Comparative

negligence is not a defense to a section 240 (1) violation (*see Stolt v General Foods Corp.*, 81 NY2d 918). Concur—Tom, J.P., Rosenberger, Friedman and Gonzalez, JJ.