■ THE CIT GROUP/COMMERCIAL SERVICES, INC., Respondent, v SUNDER (SANDY) K. GANGLANI, Appellant. [822 NYS2d 498]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered July 22, 2005, in favor of plaintiff and against defendant in the principal amount of $150,000, plus interest, costs and disbursements, and bringing up for review an order, same court and J.H.O., entered July 14, 2005, which, in an action on a guarantee, granted plaintiff's motion for summary judgment awarding damages in the principal amount of $150,000 and reasonable attorneys' fees, the latter to be awarded in a separate judgment after receipt of a special referee's report, unanimously affirmed, with costs. Appeal from the aforementioned order unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

The pertinent documents clearly show that defendant unconditionally guaranteed all debts incurred by his principal under a certain factoring agreement with plaintiff, subject to a $150,000 limitation exclusive of costs and attorneys' fees. The J.H.O. properly rejected defendant's vague and conclusory claims that plaintiff collected a substantial sum from the principal and is attempting to recover an indebtedness incurred after the guarantee was terminated. Absent any particulars concerning the alleged collections, and in view of plaintiff's account statements showing that the principal's indebtedness never dropped below $150,000, it does not appear that disclosure would avail defendant (*see Bailey v New York City Tr. Auth.*, 270 AD2d 156, 157 [2000]). Nor are any issues of fact raised concerning the time of the guarantee's termination. We have considered defendant's other arguments and find them unavailing. Concur—Andrias, J.P., Marlow, Nardelli, Williams and Sweeny, JJ.