■ KAREN CIOE, Respondent, v PETROCELLI ELECTRIC Co., INC., et al., Respondents, and NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendant. [823 NYS2d 359]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered April 19, 2005, which, insofar as appealed from as limited by the briefs, denied the motion of defendant New York City Transit Authority (NYCTA) for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of NYCTA dismissing the complaint as against it.

The duty to keep public sidewalks and roadways, including those adjacent to bus stops, in a reasonably safe condition and to repair any defects falls upon the municipality (*Rubin v City of New York*, 211 AD2d 417 [1995]). Plaintiff's injuries resulting from a fall over a raised area around the curb near the crosswalk is not the responsibility of the NYCTA, which did not operate, manage, control or maintain the roadway (*Pantazis v City of New York*, 211 AD2d 427 [1995]). Moreover, given the uncontroverted evidence that the work permits obtained four months prior to the accident were voided and no work took place as a result of said permits, there is no indication that NYCTA created the condition that caused plaintiff's alleged injuries. Accordingly, there is no basis to hold NYCTA liable. Respondents' claimed need for discovery without some evidentiary basis suggesting that discovery may lead to relevant evidence is insufficient to avoid the grant of summary judgment (*Bailey v New York City Tr. Auth.*, 270 AD2d 156 [2000]). Concur—Andrias, J.P., Marlow, Sweeny, McGuire and Malone, JJ.