■ OLGA ARPI, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, CITY OF NEW YORK et al., Respondents, et al., Defendant. [840 NYS2d 107]—

In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated May 24, 2006, as denied those branches of its motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the motion of the defendant New York City Transit Authority which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against it are granted.

The plaintiff allegedly was injured when she tripped and fell because of a cracked and uneven section of sidewalk that was located three to five feet away from an entrance to a subway station.

The New York City Transit Authority (hereinafter the Transit Authority) met its initial burden establishing its entitlement to judgment as a matter of law by demonstrating that it did not

own, maintain, operate, or control the public sidewalks, and had no duty to exercise reasonable care with respect to the area where the plaintiff fell (*see* Administrative Code of City of NY § 7-210). Moreover, there was no evidence that it created the alleged defect or that it benefitted from that portion of the sidewalk in a manner different from that of the general populace so as to impute liability upon it based upon a theory of special use (*see Gasis v City of New York,* 35 AD3d 533, 534 [2006]; *Simo v New York City Tr. Auth.,* 13 AD3d 609, 611 [2004]; *Pantazis v City of New York,* 211 AD2d 427 [1995]; *Rubin v City of New York,* 211 AD2d 417 [1995]). In opposition to this showing, the plaintiff and the defendants City of New York and Irene Ioannou failed to raise a triable issue of fact.

Moreover, the motion was not premature since the plaintiff and the defendants City of New York and Irene Ioannou failed to offer an evidentiary basis to show that further discovery might have led to relevant evidence (*see Ruttura & Sons Constr. Co. v Petrocelli Constr.,* 257 AD2d 614, 615 [1999]), or that the facts essential to oppose the motion were exclusively within the knowledge and control of the Transit Authority (*see Juseinoski v New York Hosp. Med. Ctr. of Queens,* 29 AD3d 636 [2006]; *Baron v Incorporated Vil. of Freeport,* 143 AD2d 792 [1988]). The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion (*see Lopez v WS Distrib., Inc.,* 34 AD3d 759, 760 [2006]).

Accordingly, the Transit Authority's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it should have been granted. Schmidt, J.P., Goldstein, Covello and Dickerson, JJ., concur.