■ Thomas M. Camoia et al., Respondents, v Custom Computer Specialists, Inc., Appellant, and Computer Logic Group et al., Respondents. [843 NYS2d 467]—

In an action to recover damages for personal injuries, etc., the defendant Custom Computer Specialists, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated October 13, 2006, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Custom Computer Specialists, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

On May 30, 2002 the plaintiff Thomas M. Camoia (hereinafter Camoia) allegedly was injured when he tripped and fell over an exposed wire that was connected to a computer terminal in a classroom at the High School of Graphic Communication Arts (hereinafter the High School) where he was employed.

The defendant Custom Computer Specialists, Inc. (hereinafter Custom), met its initial burden of establishing its entitlement to judgment as a matter of law by demonstrating, through the affidavit of its project manager, that Custom's work at the High School was performed in 1998, that the work was limited to the integration of data cabling in the server room, and that Custom performed no work in the classroom where the accident allegedly occurred. The burden then shifted to the plaintiffs to produce sufficient evidentiary proof in admissible form to show the existence of a triable issue of fact (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In response, the plaintiffs failed to present evidence sufficient to raise a triable issue of fact (see *Zuckerman v City of New York*, 49 NY2d 557 [1980]).

In denying Custom's motion for summary judgment without prejudice, the Supreme Court erred in concluding that further discovery was required. The plaintiffs failed to offer an eviden-

tiary basis for their claim that discovery may lead to relevant evidence, and they failed to show that facts essential to justify opposition to the motion were exclusively within Custom's knowledge (*see Arpi v New York City Tr. Auth.*, 42 AD3d 478 [2007]; *Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760-761 [2006]; *Pina v Merolla*, 34 AD3d 663, 664 [2006]). The mere hope or speculation that the discovery process will uncover evidence sufficient to defeat a motion for summary judgment is an insufficient basis for denying the motion (*see Arpi v New York City Tr. Auth.*, 42 AD3d at 478; *Companion Life Ins. Co. of N.Y. v All State Abstract Corp.*, 35 AD3d 519, 521 [2006]; *Gillinder v Hemmes*, 298 AD2d 493, 494 [2002]). Accordingly, Custom's motion should have been granted. Ritter, J.P., Santucci, Florio and Dillon, JJ., concur.