■ GUILLERMO RAMOS, Plaintiff, v CITY OF NEW YORK et al., Defendants. CITY OF NEW YORK, Third-Party Plaintiff-Respondent, v P&M ELECTRICAL CONTRACTING CORP., Third-Party Defendant, and TRISTAR PATROL SERVICE, INC., Third-Party Defendant-Appellant. [910 NYS2d 62]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered April 8, 2009, which, to the extent appealed from, denied third-party defendant Tristar Patrol Service, Inc.'s (Tristar) cross motion for summary judgment dismissing the third-party complaint and all claims asserted against it, unanimously reversed, on the law, without costs, the cross motion granted, and the third-party complaint and all claims asserted against Tristar dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff, who was employed by Tristar as a security guard, was injured at premises owned by defendant/third-party plaintiff City of New York. Tristar provided security services at the premises. On the date of the accident, plaintiff's duties consisted of checking the IDs of people who worked at the premises, scanning people who did not work there, checking bags for weapons, and patrolling the exterior of the building. Plaintiff claims that he was directed by an employee of the City, who supervised him at the premises, to turn off the heater/fan which was located in a closet on the main floor of the premises. The closet was dark and there were no signs posted warning that the area was restricted. After returning to the city employee, having his request for a flashlight denied, and being directed to go back and shut the heater/fan off, plaintiff returned to the closet,

pressed the switch of the heater/fan and allegedly received a severe electric shock. Plaintiff commenced the instant action against the City, as the owner of the premises and the City commenced a third-party action against Tristar for contractual indemnification. Tristar subsequently cross-moved for summary judgment.

Pursuant to the contract entered into between the City and Tristar, Tristar agreed to provide unarmed and armed uniformed guard services at the City's premises. The clear and unambiguous words of said contract provide that Tristar is only obligated to indemnify the City for "claims arising out of or in any way related to this Contract . . . resulting or alleged as resulting from the negligence of the Contractor . . . in its performance of this Contract." Thus, Tristar had a duty to indemnify the City only for Tristar's negligence in the performance of its duties and not for the City's own negligence. Since plaintiff's injuries arose when he attempted to turn off the switch for the heater/fan which was an activity clearly outside of the scope of his duties as a security guard, and the contract between the City and Tristar does not allocate any responsibility to Tristar for the installation, maintenance, repair, or operation of the heater/fan and its switch, Tristar is not obligated to indemnify the City as a matter of law; there is no proof that plaintiff's injuries arose from Tristar's breach of a duty of care owed to the City or from the work Tristar performed under its contract with the City (*see Lopez v Consolidated Edison Co. of N.Y.*, 40 NY2d 605 [1976]; *Guinter v I. Park Lake Success, LLC*, 67 AD3d 406 [2009]).

Tristar's cross motion was not premature as the City contends. The City has failed to show that further discovery would lead to evidence which would raise a triable issue of fact (*see Steinberg v Schnapp*, 73 AD3d 171 [2010]; *Bailey v New York City Tr. Auth.*, 270 AD2d 156 [2000]). Concur—Tom, J.P., McGuire, Acosta, Renwick and Freedman, JJ.