■ FRIEDLANDER ORGANIZATION, LLC, Respondent, v AKINTAYO ABIMBOLA AYORINDE et al., Appellants, et al., Defendants. [943 NYS2d 538]—

In an action, inter alia, to recover damages for breach of an escrow agreement, the defendants Akintayo Abimbola Ayorinde and Akin Ayorinde, P.C., appeal from (1) an order of the Supreme Court, Nassau County (Adams, J.), dated March 23, 2011, which, in effect, granted those branches of the plaintiff's motion which were for summary judgment on the causes of action to recover damages in the principal sum of $2,100,000 for breach of an escrow agreement and unauthorized disbursement of escrowed funds insofar as asserted against them, and (2) a judgment of the same court dated April 18, 2011, which, upon the order, is in favor of the plaintiff and against them in the principal sum of $2,100,000.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by reducing the principal sum awarded to the plaintiff from $2,100,000 to $1,710,000; as so modified, the judgment is affirmed, without costs or disbursements, those branches of the plaintiff's motion which were for summary judgment on the causes of action to

recover damages in the principal sum of $2,100,000 for breach of an escrow agreement and unauthorized disbursements of escrowed funds are granted to the extent of awarding the principal sum of $1,710,000 to the plaintiff and are denied to the extent they seek an award of an additional $390,000 with respect to those causes of action, the order is modified accordingly, the demand for the award of an additional $390,000 is severed, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment in favor of the plaintiff and against the appellants in the principal sum of $1,710,000, for a trial on the demand for the award of an additional $390,000 in accordance herewith, and thereafter for the entry of an appropriate separate judgment on that demand.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a]).

Contrary to the appellants' contention, the plaintiff's motion for summary judgment was not premature. The appellants failed to demonstrate that discovery may lead to relevant evidence or that the facts essential to oppose the motion were exclusively within the knowledge and control of the plaintiff (*see* CPLR 3212 [f]; *Westport Ins. Co. v Altertec Energy Conservation, LLC*, 82 AD3d 1207 [2011]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (*Arpi v New York City Tr. Auth.*, 42 AD3d 478, 479 [2007]).

The plaintiff made a prima facie showing that the appellants breached the subject escrow agreement and made unauthorized disbursements of escrowed funds by violating the conditions imposed upon disbursement of the escrowed funds (*see Shasha v Gillard*, 68 AD3d 972, 973 [2009]). In opposition, the appellants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly determined that the plaintiff was entitled to summary judgment on the issue of liability on the causes of action alleging breach of an escrow agreement and unauthorized disbursements of escrowed funds insofar as asserted against the appellants.

Additionally, the plaintiff demonstrated its prima facie entitlement to an award in the principal sum of $1,710,000 for the appellants' breach of the escrow agreement and the unauthorized

disbursements, and the appellants failed to raise a triable issue of fact as to the plaintiff's entitlement to damages in that amount. Although the plaintiff sought damages in a greater amount, with a demand in the complaint seeking an additional $390,000, the appellants raised a triable issue of fact regarding whether the plaintiff is entitled to any damages in excess of the principal sum of $1,710,000, up to the principal sum of $2,100,000. Specifically, there is a triable issue of fact as to whether certain checks in the amounts of $115,000 and $275,000, respectively (equaling $390,000 in total), which the plaintiff allegedly received, represented partial prepayment of the underlying loan pertaining to the escrow agreement. Thus, the matter must be remitted to the Supreme Court, Nassau County, for a trial on the demand for the award of an additional $390,000, and on the issue of whether the plaintiff is entitled to an award of damages in excess of $1,710,000, up to a principal sum of $2,100,000, and, if so, the amount of such an award.

The appellants' remaining contention is without merit. Dillon, J.P., Florio, Chambers and Miller, JJ., concur.