Roldan v Caldwell & Walsh Bldg. Constr., Inc. (2022 NY Slip Op 01059)





Roldan v Caldwell & Walsh Bldg. Constr., Inc.


2022 NY Slip Op 01059


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-10387
 (Index No. 19122/13)

[*1]Jose Roldan, appellant, 
v
Caldwell and Walsh Building Construction, Inc., respondent.


Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
James J. Toomey, New York, NY (Michael J. Kozoriz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated July 15, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On August 16, 2013, between 4:00 p.m. and 4:15 p.m., the plaintiff allegedly slipped and fell on liquid on the landing of an interior staircase at his place of employment. The plaintiff subsequently commenced this personal injury action against the defendant, a contractor that had been retained by the owner of the building to perform some renovation work. The plaintiff asserted that the defendant's employee created the condition at about 3:45 p.m. by dropping a bucket. The defendant moved for summary judgment dismissing the complaint, contending that its employee did not create the alleged condition that caused the plaintiff to fall. The Supreme Court granted the motion. The plaintiff appeals.
The defendant established, prima facie, its entitlement to judgment as a matter of law by demonstrating that its employee did not create the condition that caused the plaintiff to fall (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Camoia v Custom Computer Specialists, Inc., 44 AD3d 814). The defendant submitted evidence demonstrating that the day of the incident was its last day at the premises, and it only came to the premises between the hours of 7:00 a.m. and 11:00 a.m. to remove its equipments and tools. The defendant further demonstrated that it did not perform any work on the subject staircase and did not use the subject staircase on the day of the incident. In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
BARROS, J.P., BRATHWAITE NELSON, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court