Severinghaus v TUFCO, Inc. (2022 NY Slip Op 05298)

Severinghaus v TUFCO, Inc.

2022 NY Slip Op 05298

Decided on September 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 27, 2022

Before: Webber, J.P., Kern, Singh, Moulton, Shulman, JJ. 

Index No. 161545/18 Appeal No. 16255 Case No. 2022-00580 

[*1]Doris Severinghaus, Plaintiff-Appellant,
v
TUFCO, Inc., Defendant-Respondent, City of New York, et al., Defendants.

Law Office of Gregory P. Mouton, Jr., LLC, New York (Gregory P. Mouton, Jr. of counsel), for appellant.
Montfort, Healy, McGuire & Salley LLP, Garden City (Christopher T. Cafaro of counsel), for respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered October 29, 2021, which granted defendant TUFCO, Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
The motion for summary judgment was not premature, as plaintiff did not identify any additional evidence in TUFCO's possession sufficient to support a denial of the motion. Rather, plaintiff offers only speculation that depositions, in addition to the documentary evidence already submitted, might reveal particular work that TUFCO performed or particular equipment it used; this speculation is an insufficient basis for denial of the motion (see Flores v City of New York, 66 AD3d 599, 600 [1st Dept 2009]).
As to the merits, viewing the evidence in the light most favorable to plaintiff, the record demonstrates that TUFCO did not perform any work on the sidewalk where plaintiff allegedly tripped and fell (see Bailey v New York City Tr. Auth., 270 AD2d 156, 157 [1st Dept 2000]). On the contrary, any exterior work that TUFCO performed at the building abutting the sidewalk had no connection to the sidewalk (id.). Nor does the evidence otherwise raise any issue of fact whether TUFCO, a contractor, had any duty to maintain the sidewalk, as the evidence demonstrates it did not own or control the premises (see Gibbs v Port Auth. of N.Y., 17 AD3d 252, 254 [1st Dept 2005]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 27, 2022