**Whitman v City of New York**

2024 NY Slip Op 30562(U)

February 16, 2024

Supreme Court, New York County

Docket Number: Index No. 150362/2020

Judge: Nicholas W. Moyne

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. NICHOLAS W. MOYNE        PART             52

*Justice*

---------------------------------------------------------------------X

JACQUELINE WHITMAN,

                 Plaintiff,

            - v -

THE CITY OF NEW YORK, THE LONG ISLAND
RAILROAD, METROPOLITAN TRANSPORTATION
AUTHORITY, METRO-NORTH RAILROAD COMPANY

                 Defendant.

---------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150362/2020 |
| MOTION DATE | 07/18/2023, 07/18/2023 |
| MOTION SEQ. NO. | 003 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51

were read on this motion to/for             DISMISS          .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51

were read on this motion to/for          JUDGMENT - SUMMARY      .

Upon the foregoing documents, it is

Defendant The City of New York ("City") moves to dismiss the complaint and cross-claims against if for failure to state a claim pursuant to CPLR § 3211(a)(7). The plaintiff opposes the motion.

Plaintiff contends that she was injured on October 16, 2018, when she tripped and fell due to a hazardous condition in Pen Station (the premises). Specifically, she alleges that she tripped on the last step of the staircase leading to Track 20 of the Long Island Railroad. The City's motion to dismiss is based upon the affidavits of David Schloss, a Senior Title Examiner in the New York City Law Department, who states that he conducted a title search for the premises, and that, on the date of the accident, the record title holder was National Railroad Passenger Corporation. A copy of the deed is attached to Mr. Schloss' affidavit. The City's

150362/2020 WHITMAN, JACQUELINE vs. CITY OF NEW YORK
Motion No. 003 003

Page 1 of 4

[* 1]

motion is also supported by the affidavit of Callista Nazaire, an Administrative City Planner for the New York City Department of Citywide Administrative Services ("DCAS"). She performed a search of City Records and found no records indicating that the premises was "owned, occupied, maintained, or controlled by the City of New York, either directly as owner or by means of a license or lease in effect on October 16, 2018." "Liability for a dangerous or defective condition on real property must be predicated upon ownership, occupancy, control, or special use of that property" (*Karpovich v City of New York*, 162 AD3d 996, 997 [2d Dept 2018]). A deed conclusively establishes that the City did not own the premises. The affidavit of Callista Nazaire establishes that the City did not occupy, control, or make special use of the premises. Accordingly, the City has made a prima facie showing of entitlement to dismissal of the complaint against it. Plaintiff's contention that dismissal is premature because discovery has not been completed, and facts essential to justify opposition may exist but cannot be stated, is unwarranted because plaintiff does not make a sufficient showing that facts essential to justify opposition to the motion could be yielded during discovery (*see Karpovich v City of New York*, 162 AD3d 996, 998 [2d Dept 2018]; *see also Cioe v Petrocelli Elec. Co., Inc.*, 33 AD3d 377, 378 [1st Dept 2006] ["claimed need for discovery without some evidentiary basis suggesting that discovery may lead to relevant evidence is insufficient to avoid the grant of summary judgment"]). Therefore, it is hereby

ORDERED that the motion of defendant The City of New York to dismiss the complaint herein is granted and the complaint is dismissed in its entirety as against said defendant, with costs and disbursements to said defendant as taxed by the Clerk of the Court, and the Clerk is directed to enter judgment accordingly in favor of said defendant; and it is further

**150362/2020   WHITMAN, JACQUELINE vs. CITY OF NEW YORK**
**Motion No.  003 003**

**Page 2 of 4**

2 of 4

ORDERED that the action is severed and continued against the remaining defendants; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that the caption shall hereafter read:

```
--------------------------------------------------------------------------------X
JACQUELINE WHITMAN,
                                                                    Plaintiff,
                                    - v -
THE LONG ISLAND RAILROAD, METROPOLITAN
TRANSPORTATION AUTHORITY, METRO-NORTH
RAILROAD COMPANY
                                                                    Defendants.
--------------------------------------------------------------------------------X
```

and it is further

ORDERED that as the City of New York is no longer a party to the action, and no remaining party is represented by Corporation Counsel (the New York City Law Department), this matter remitted to the General Clerk's Office for reassignment to Part 21, the Transit Part; and it is further

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

**150362/2020  WHITMAN, JACQUELINE vs. CITY OF NEW YORK**
**Motion No.  003 003**

Page 3 of 4

3 of 4

This constitutes the decision and order of the court.

<u>2/16/2024</u>
DATE

NICHOLAS W. MOYNE, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | X | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**150362/2020   WHITMAN, JACQUELINE vs. CITY OF NEW YORK**
**Motion No.  003 003**

**Page 4 of 4**

4 of 4